THE PEOPLE, ex rel. THE MANHATTAN SAVINGS INSTITUTION OF THE CITY OF NEW YORK, Appellant, *v.* NORTON P. OTIS, Mayor, etc., et. al., Respondents.

The provision of the act of 1880 (§ 4, chap. 59, Laws of 1880) for the relief of the Manhattan Savings Institution, which by its terms discharges the city of Yonkers, upon delivery by it to said institution of duplicate bonds, from liability upon certain negotiable bonds issued by it, " to all persons purchasing the same after due publication of the notice specified in the first section of this act," is unconstitutional, as the effect thereof is to destroy the negotiable quality of the bonds, and so it impairs the obligation of contracts. (U. S. Const., art. 1, § 10, sub. 1.)

Said provision is also violative of the constitutional prohibition (U. S. Const. amendment, art. 5 ; State Const. art. 1, § 6), against depriving a person of property without due process of law.

As the exemption from liability given by said provision is a condition and compensation for the issuing by the city of the duplicate bonds re-

quired by the act (§ 2); the former provision being invalid, the latter
cannot be enforced.

As to whether the legislature has power to compel a municipal corporation
to issue new bonds in place of bonds lost or stolen, *quære.*

(Argued June 27, 1882 ; decided October 10, 1882.)

APPEAL from order of the General Term of the Supreme
Court, in the second judicial department, which reversed an
order of Special Term, granting a writ of peremptory *man-
damus* requring defendant Norton P. Otis, as mayor of the
city of Yonkers, and defendant William H. Doty, as clerk of
said city, to issue to the relator certain duplicate bonds of said
city, as required by the act chapter 59, Laws of 1880. (Re-
ported below, 24 Hun, 519.)

The original bonds were payable to bearer, they were issued
by the city to the relator, and before maturity were stolen
from it. Relator gave the bond and complied with the require-
ments of said act as to publishing notices, etc., and thereafter
demanded the duplicate bonds, which defendants refused to
execute.

*Waldo Hutchins* for appellants. The provision of the law
in question which requires the mayor and clerk to execute and
deliver to the institution the duplicate bonds does not conflict
with section 11 of article 8 of the Constitution of this State. (9
and 10 William III, chap. 17, § 111; Laws of 1873, chap. 151.)
The act in question does not impair the obligation of any con-
tract. (*Ogden* v. *Saunders,* 12 Wheat. 343 ; Cooley on Con-
stitutional Limitations [4th ed.], p. 347 ; Story on the Consti-
tution, §§ 1378, 1383.) If the fourth section is unconstitutional
the rest of the act, being constitutional, will stand without it.
(Cooley on Constitutional Limitations, 218, 219 ; *Baker* v.
*Braman,* 6 Hill, 47 ; *Warren* v. *Mayor, etc., of Chesterton,* 2
Gray, 98 ; *Santo* v. *State,* 2 Iowa, 165 ; *Weir* v. *Cram,* 37 id.
649 ; *State* v. *Dombaugh,* 20 Ohio [N. S.], 173 ; *People* v.
*Bull,* 46 N. Y. 168 ; *Robinson* v. *Bidwell,* 22 Cal. 379 ; *Arm-
strong* v. *Jackson,* 1 Blackf. [Ind.] 374 ; *Brown* v. *Beatty,* 34

Miss. 227 ; *Matter of Village of Middletown,* 82 N. Y. 196, 203.) The city of Yonkers being a municipal corporation, it was competent for the legislature to pass the act in question, municipal corporations being the creatures of the legislature, and absolutely subject to their control. (*Guilford* v. *Supervisors,* 13 N. Y. 143 ; *Brewster* v. *Syracuse,* 19 id. 116 ; *People* v. *Supervisors,* 70 id. 228 ; *Brown* v. *Mayor of New York,* 63 id. 239 ; *Duanesburgh* v. *Jenkins,* 57 id. 177 ; *Jefferson Co.* v. *The People,* 5 Neb. 127 ; Dillon on Mun. Corp. [4th ed.], § 65, p. 87.) The legislature is supreme except where its power is restrained by the Constitution of this State, or of the United States, and courts will not declare acts of the legislature invalid unless they are plainly unconstitutional. (*Weimier* v. *Village of Douglass,* 64 N. Y. 91, 99 ; *Matter of Gilbert El. Ry. Co.,* 70 id. 361, 367–8.)

*Theodore Fitch* for respondents. Chapter 59 of the Laws of New York of 1880 is unconstitutional and void in that it impairs the obligations of contracts, in violation of article 1, section 10, subdivision 1 of the United States Constitution. (*Mercer County* v. *Hocket,* 1 Wall. 83 ; *Gelpcke* v. *City of Dubuque,* id. 206 ; *Meyer* v. *City of Muscatine,* id. 384 ; *Colson* v. *Arnot,* 57 N. Y. 253 ; *Welch* v. *Sage,* 47 id. 143 ; *Miller* v. *Race,* 1 Burrow, 452 ; 2 Smith's Lead. Cases [Hare & Wallace's 6th ed.], vol. 1, part 2, p. 736 ; *Goodman* v. *Harvey,* 4 Ad. & Ell. 870 ; *Colson* v. *Arnot,* 57 N. Y. 253 ; *Welch* v. *Sage,* 47 id. 143 ; *Birdsall* v. *Russell,* 29 id. 220 ; *Bank of Rome* v. *Village of Rome,* 19 id. 20 ; *Murray* v. *Lardner,* 2 Wall. 121 ; *Goodman* v. *Simons,* 20 How. [U. S.] 365.) Said statute is also unconstitutional and void in that it deprives persons of property, without due process of law, in violation of article 5 of the amendments to the Constitution of the United States, and also in violation of article 1, section 6, of the Constitution of the State of New York. (Cooley on Const. Lim. 86–92.) This statute affords relief to the relator far beyond that to which it would be entitled under the Revised Statutes or in equity, and beyond that which is consistent with the rights

of other parties interested. (2 R. S. [Edmonds' ed.] 423, §§ 75, 76; *Cothran* v. *Collins*, 29 How. 155; *DesArts* v. *Leggett*, 16 N. Y. 582; *Rogers* v. *C. & N. W. R. R. Co.*, 6 Abb. N. C. 253.) The statute must be taken as a whole. Its provisions are so connected in subject-matter and purpose as to be inseparable without defeating the intention of the legislature. If portions thereof are unconstitutional, the whole should be held void. (Cooley on Const. Lim. 179; *People, ex rel. City of Rochester*, v. *Briggs*, 50 N. Y. 566; *Gordon* v. *Cornes*, 47 id. 617; *Comm.* v. *Hitchings*, 5 Gray, 482; *State* v. *Wheeler*, 25 Conn. 290; *State* v. *Dousman*, 28 Wis. 541; *Oatman* v. *Bond*, 15 id. 20; *Slauson* v. *City of Racine*, 13 id. 497; *Campman* v. *Detroit*, 14 Mich. 276; *Quinlan* v. *Rogers*, 12 id. 168; *State* v. *Commrs. of Perry Co.*, 5 Ohio St. 497.) Municipal corporations, although subject to legislative control for governmental or public purposes, are not thus subject when the purpose is private. As to their contracts for private purposes, they are upon the same footing as individual citizens. (*People, ex rel. Dunkirk R. Co.*, v. *Batchellor*, 53 N. Y. 128–140; *Horton* v. *Town of Thompson*, 71 id. 513.)

ANDREWS, Ch. J. The fourth section of the act in question is, we think, plainly unconstitutional. By its terms it discharges the city of Yonkers, after the delivery to the savings bank of the duplicate bonds provided for in the second section, from all liability on the original bonds, to all persons purchasing the same, after due publication of the notice prescribed in the first section, but gives a right of action against the bank, upon the bond of indemnity, to the lawful owner of such bonds in place of the liability of the original obligor. The effect of this section, if valid, is to take away and destroy the negotiable quality of bonds, not presented for identification, pursuant to the notice in the first section, from the time of the delivery of the duplicates, although such bonds may be held by bona fide purchasers for value. The original bonds were payable to bearer, and transferable by delivery, and had all the qualities and attributes of negotiable paper. This ne-

gotiable quality was impressed upon them by the very terms of the obligation, and was an essential element of their value. The fourth section disables a holder who has omitted to present bonds held by him from transferring his claim against the obligor, for the very act of transfer, according to that section, discharges the city of Yonkers from liability, and remits the transferee, as his only recourse, to the substituted remedy against the bank. The holders of bonds not presented may, it is true, retain them until maturity, and then enforce payment according to their terms, but meanwhile they are in the situation of having a debt which they cannot transfer. That the fourth section impairs the obligation of the contract between the city of Yonkers and the holders of the bonds, is very clear. The contract was to pay the sum stated in the bonds to bearer, and conferred upon the holder the right to transfer the debt by the delivery of the bond. The fourth section impairs this right secured by the contract, which the legislature could not lawfully do. "It is perfectly clear," says Judge Story in his Commentaries on the Constitution, "that any law which enlarges, abridges, or in any manner changes the intention of the parties, resulting from the stipulations in the contract, necessarily impairs it" (Story on Const., § 1385), and this remark is but a paraphrase of the language of the adjudged cases. (*Ogden* v. *Saunders*, 12 Wheat. 256; *McCracken* v. *Hayward*, 2 How. 612.) The section violates not only the Federal Constitution, but also the provision of the State Constitution that no person shall be deprived of life, liberty, or property, without due process of law. Depriving an owner of property of one of its essential attributes, is depriving him of his property within the constitutional provision, and a legislative declaration that upon the publication of notice, a negotiable security shall no longer be transferable, is not due process of law, working a forfeiture of the right given by the contract. Having reached the conclusion that the fourth section of the act is repugnant to the Constitution, the provision in the second section, requiring the city to issue duplicate bonds, cannot be maintained as a separate and independent portion of the act. The provision exempting

the city from liability to transferees of the original bonds, after the issuing of duplicate bonds, was a condition and compensation for the requirement that duplicate bonds should be issued, and it cannot be reasonably inferred that that requirement would have been made, except in connection with the exemption in the fourth section. The requirement in the act in question is a part of a connected and dependent scheme, which falls with the failure of one of its essential features. It is unnecessary, therefore, to consider whether it is competent for the legislature to compel a municipal corporation to issue new bonds in place of bonds lost or stolen.

The order of the General Term should therefore be affirmed, with costs.

All concur.

Order affirmed.