PRATT, J., concurred.

Judgment affirmed, with costs.

---

IN THE MATTER OF THE APPLICATION OF ELEANOR J. BART-LETT, RESPONDENT, *v.* THE VILLAGE OF TARRYTOWN, APPELLANT.

*Village street — change of grade in — compensation to the owner of abutting land.*

The petitioner in this matter, who owned land on both the old and the new parts of John street, in the village of Tarrytown, in order to enable the village, in 1888, to open John street from its northerly end to Main street, conveyed to the village a right to extend John street to Main street. After the opening of the new portion, as a public highway, the village, by resolution, cut down and changed the surface and level of the street, in both the old and the new parts, so as to make the plaintiff's land from eighteen inches to seven feet above the grade of the street as altered. The plaintiff applied to have a commission appointed to appraise the damage sustained by her.

*Held*, that the plaintiff's case was covered by the terms of chapter 113 of 1883, providing that when the grade of any street in any incorporated village shall be changed so as to interfere with the buildings, or the use thereof, or when such change shall injure real property, the owner may have a commission appointed to appraise the damage sustained.

That it was no answer to the application for a commission that John street, before the change, was a public street, of which the village did not fix the grade.

That the village took the street, for the purposes of this act, as it was, and the change in grade thereafter made, causing damage to the landowners, was within the intent of the act.

That the fact that the extension of John street was under a deed from the petitioner had no materiality, as the deed was for a public road " and for no other uses or purposes; " and that the road, once established, the petitioner was entitled to be compensated for a change in the grade injurious to her, equally with the other owners of land thereon.

APPEAL from an order, made at the Westchester County Special Term, which was entered in the office of the clerk of Westchester county on December 10, 1888, appointing commissioners to ascertain and determine the amount of damages that had been sustained by the petitioner, Eleanor J. Bartlett, by a change of grade in a street in the defendant village.

*J. S Millard*, for the appellant.

*L. T. Yale*, for the respondent.

BARNARD, P. J.:

The village of Tarrytown, an incorporated village of the State, in 1888 opened John street from its northerly end to Main street; the street before its extension had been a *cul de sac*. The petitioner conveyed to the village the right to extend John street to Main street. The petitioner owned lands both upon the old and new parts of John street. After the opening of the new portion as a public highway, the village, by resolution, cut down and changed the surface and level of the street in both the old and new parts, so as to make the plaintiff's lands from eighteen inches to seven feet above the grade of the changed street. By chapter 113, Laws of 1883, it is provided that when the grade of any street in any incorporated village shall be changed so as to interfere with the buildings or the use thereof, or when such change shall injure the real property, the owner may have a commission appointed to appraise the damages sustained. The plaintiff's case is embraced by the terms of this act. It is no answer to the application for the commission that John street before the change was a public street, and that the village did not fix its grade. The village took the street for the purposes of this act as it was, and a change in grade thereafter made, causing damages to the landowner, was within the act. The fact

that the extension of John street was under a deed from the petitioner has no materiality. The deed was for a public road, " and for no other uses or purposes." The road once established, the petitioner was to be compensated for a change of grade in the street injurious to her, equally with other owners of land on the street.

The order should be affirmed, with costs and disbursements.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.