### WILEY v. VILLAGE OF TARRYTOWN.

(*Supreme Court, General Term, Second Department.* May 18, 1889.)

1. MUNICIPAL CORPORATIONS—CHANGE IN GRADE OF STREET.
   A change of grade made by an incorporated village in a street taken by it as a public highway when it became incorporated is within Laws N. Y. 1883, c. 113, providing for a commission to assess damages to adjoining land-owners, when their lands or buildings are injured by a change in the grade of a street.
2. SAME—ACTION FOR DAMAGES.
   An action against the village for injury to plaintiff's possession of the land on the street is no bar to a petition for a commission to assess damages under the act, as such damages to be assessed are to land "adjoining" the highway.

Appeal from special term, Westchester county.

Petition by W. F. Wiley for the appointment of commissioners to assess his damages resulting from a change in the grade of a street in the village of Tarrytown. The petition was under Laws N. Y. 1883, c. 113,—the same act under which the petition was filed in *Bartlett* v. *Village of Tarrytown, ante,* 240,—and the petition in this case was caused by the same change in the grade of a street as caused the petition in that case. The commissioners were appointed, and the village of Tarrytown appeals.

Argued before BARNARD, P. J., and PRATT, J.

*J. S. Millard,* for appellant.   *L. T. Yale,* for respondent.

BARNARD, P. J. This appeal is from an order appointing a commission, upon the petition of another land-owner on John street. This petitioner only owned land on the old street, where the village had never established a grade before the extension. On the Bartlett appeal (see *ante,* 240) we held that the old street was taken as an established highway when the village was incorporated, and that a subsequent change of grade was within the act. The street was lower from one and a half to four feet. The petitioner's right to a commission is thus established, and the extent of the injury is for the commission.

The other defense to the granting of the petition is that there is an action pending brought by petitioner against the village. There is no conflict between the two proceedings. The action is for an injury to the petitioner's possession of the land on the street. The village pleaded that it was a highway in 1871, and has been ever since. In this proceeding it is admitted that John street (the old part) was an open public street when the village was incorporated, about the year 1871, and it has been used as such until this time. The commissioners are to assess the damage to the land "adjoining such highway." The action thus affects the injury to the land in the highway, and the other proceedings, the land adjacent. The order, therefore, was right, and should be affirmed, with costs and disbursements.