## McCALL et al. v. VILLAGE OF SARATOGA SPRINGS.

(*Supreme Court, General Term, Third Department.* February 24, 1890.)

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—GRADING STREETS.

　　Laws N. Y. 1883, c. 113, as amended by Laws 1884, c. 281, providing for a commission to assess damages "whenever the grade of any street * * * in any incorporated village in this state shall be changed or altered" to the injury of the owners of houses already existing on adjoining lots, applies to the change of a grade which was that of the natural surface of the earth.

Appeal from special term, Saratoga county.

Petition by John McCall and others for the appointment of commissioners to assess their damages from a change in the grade of a street in the village of Tarrytown. The commissioners were appointed, and the village appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*J. L. Henning*, for appellant. *Wm. H. McCall*, for respondent.

LANDON, J. Warren street and Lake avenue were for several years prior to 1887 public highways, and cared for as such by the village authorities. Their grade was the natural grade of the surface of the earth, except as slight inequalities in the natural surface had been removed by throwing the earth from the higher to the lower places. The petitioners had built their houses on the streets while the natural grade continued. In 1887 the village authorities established a different grade from the natural one, and changed the surface of the street accordingly, making excavations in so doing, as the petitioners allege, to their injury. Chapter 113, Laws 1883, as amended by chapter 281, Laws 1884, authorizes the appointment of the commissioners "whenever the grade of any street, * * * in any incorporated village in this state, shall be changed or altered" to the injury of the owners of houses already existing on adjoining lots. The village contends that this means a grade previously ordered and made, and not the natural grade, which has been acquiesced in without express order or adoption; and that the action of the authorities in 1887 was the first establishment of the grade, and not a change or

alteration of a previous grade.   Every street has a grade, whether established by law or accepted from nature.   The act does not distinguish between the two grades.   The mischief to be remedied may be as great in one case as in the other.   Prior to the statutes in question, it was held that, in the absence of a statute, the lot-owner could not recover from the municipality for consequential damages to an adjoining lot caused by an authorized grading or change of grade in a street.   *Radcliff's Ex'rs* v. *Mayor*, 4 N. Y. 196; *Mills* v. *Brooklyn*, 32 N. Y. 489.   These statutes are remedial, and should be construed to promote the remedy for such consequential damages in favor of the parties mentioned in the statutes.   The statute has received this construction in the second department.   *Wiley* v. *Village of Tarrytown*, 5 N. Y. Supp. 241. Order affirmed, with $10 costs and printing disbursements.

All concur.