enough to have this done, if it is found to be necessary, when notice of an intended sale is hereafter given.

Notice order for settlement in accordance with the above views.   Ordered accordingly.

———————

(26 Misc. Rep. 539.)

DAILEY v. NEW YORK, O. & W. RY. CO.

(Supreme Court, Special Term, Orange County.   February, 1899.)

ACTION FOR WRONGFUL DEATH—LIMITATIONS.

The Pennsylvania statute giving a right of action for wrongful death, but providing that suit must be brought within one year after the death, and not thereafter, as it gives a right unknown to the common law, will measure the extent of the right conferred, and will be enforced in any state where plaintiff may sue.

Action by Ada J. Dailey, administratrix of Jonathan H. Dailey, against the New York, Ontario & Western Railway Company. Heard on demurrer to answer.   Demurrer overruled.

John W. Lyon, for plaintiff.
Vanamee & Vail, for defendant.

HIRSCHBERG, J.   The action is to recover damages for the death by negligence of the plaintiff's decedent in the state of Pennsylvania.   One of the defenses is that, by the provisions of the Pennsylvania statute giving the right of action, suit must be brought "within one year after the death and not thereafter," and it is alleged that more than one year intervened between the death and the bringing of the suit.   The plaintiff demurs.

The cause of action is solely statutory.   It is not derivative in any respect, but is an original right conferred by statute upon representatives for the benefit of beneficiaries.   It accrues in the place of the transaction, but is enforceable here upon principles of comity.   In respect of the right of action the lex loci controls, while all details of the remedy are governed by the lex fori.   The right is asserted under the law of the place where it arose, but is measured and determined by means of the law of the place where it is enforced.   The period of one year, limited by the law of Pennsylvania as that within which the action may be brought, relates to and qualifies the right itself.   At the end of the year, the right is as effectually extinguished by the lapse of time as it would be by actual payment.   After that date, no right of action existed under the laws of the foreign state, and there is, accordingly, no claim to be enforced under the forms of our remedial laws.   Statutes of limitation may either bar the remedy or qualify the right.   In the first case they will be found in the lex fori; in the second case, in the lex loci.   In cases of contract generally, and of actionable wrongs recognized by the common law, the suit must be brought within the time prescribed by the law of the place where the remedy is sought, even though the law of the country where the contract was entered into or the wrong committed may allow a much longer time in which to bring an action; and the statute of limitation of an-

other state, where the contract was made or wrong perpetrated, cannot be pleaded in bar. But where a statute gives a right unknown to the common law, and limits the time within which an action shall be brought to assert it, the statutory limitation measures the extent and qualifies the nature of the right conferred, and will be respected and enforced by the courts of any state wherein the plaintiff may sue. 7 Lawson, Rights, Rem. & Prac. § 3738, and cases cited; Cavanagh v. Navigation Co. (Sup.) 13 N. Y. Supp. 540; The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140; Wooden v. Railroad Co., 126 N. Y. 10, 26 N. E. 1050; Kiefer v. Railroad Co., 12 App. Div. 33, 42 N. Y. Supp. 171; Hill v. Board, 119 N. Y. 347, 23 N. E. 921. The demurrer is overruled.

Demurrer overruled.