## In re GREER.

(Supreme Court, Appellate Division, Second Department. March 24, 1899.)

MUNICIPAL CORPORATIONS—VILLAGE STREET—CHANGE OF GRADE—ADJOINING PROPERTY OWNERS.

> Laws 1897, c. 414, § 159, authorizing a village, having exclusive control of a street, to change the grade thereof, but providing that, if such change injures any adjacent buildings or land, or the use thereof, the change, to that extent, shall be deemed the taking of such adjacent property for a public use, and providing for assessment of damages, contemplates that where the grade of a street is changed, whether from the natural grade or from a grade established by the village authorities, those whose property is injured shall be properly compensated.

Appeal from special term, Westchester county.

Application by Harriet A. Greer for the appointment of commissioners to assess damages for changing the grade of a street by the village of North Pelham. From a judgment in favor of petitioner, the village appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William J. Marshall, for appellant.

Arthur Furber, for respondent.

WOODWARD, J. The petitioner, Harriet A. Greer, is the owner of certain premises in the village of North Pelham, on the south side of First street, with a frontage of 90 feet. In the fall of 1898 the village board, acting under the authority of section 159 of chapter 414 of the Laws of 1897, known as the "Village Law," and having "exclusive control and jurisdiction" of First street, in the village of North Pelham, changed the grade of that street. The petitioner, feeling herself aggrieved, presented a verified claim for damages to the village board, and, that body neglecting or refusing to compensate her within the time provided by law, the present proceeding was instituted for the purpose of securing the appointment of a commission to assess the damages which she may have sustained. The learned trial court found the necessary jurisdictional facts, and that "(3) said village has changed the grade of said First street in front of said lands and premises; (4) that said change of grade has injuriously affected the said lands and premises of the petitioner." To these findings of fact, and the conclusions of law growing out of such facts, the village of North Pelham, the appellant, duly excepted, and appeal comes to this court.

Upon the trial of the issues there was evidence sufficient to sustain the findings of fact, and the conclusions of law flow irresistibly from the facts thus established. It is clear that section 159 of the

village law contemplates that where the grade of a street is changed, whether from the natural grade or a grade established by resolution of the duly-constituted authorities, those whose property is injured by such change shall be properly compensated. As was said of a similar act (Whitmore v. Village of Tarrytown, 137 N. Y. 409, 416, 33 N. E. 489, 491): "The act was passed to meet cases where the grade of a street, having once been established or naturally existing, was, by the act of the village, raised or lowered by ordinance or resolution, or some municipal action which effects a 'change of the grade,' within the ordinary meaning of that term." See McCall v. Village of Saratoga Springs (Sup.) 9 N. Y. Supp. 170, affirmed 121 N. Y. 704, 24 N. E. 1100; Bartlett v. Tarrytown, 52 Hun, 380, 5 N. Y. Supp. 240. In the last-cited case the court say: "It is no answer to the application for the commission that John street before the change was a public street, and that the village did not fix its grade. The village took the street, for the purposes of this act, as it was, and a change in grade thereafter made, causing damages to the landowner, was within the act." This matter came up under the provisions of chapter 113 of the Laws of 1883, but, in so far as the merits are concerned, it is the same as the act under which the present proceeding is taken. It is undoubtedly true that, in the absence of statutory provisions, the individual has no remedy for a change in the grade of the highway on which his property abuts (Radcliff's Ex'rs v. City of Brooklyn, 4 N. Y. 195); but, where the legislature has given the abutting property owner a remedy, it is no part of the duty of the court to construe the statute to defeat the object, and we are of opinion that the judgment should be affirmed, with costs. All concur.