In the Matter of the Application of HARRIET A. GREER, Respondent, for the Appointment of Commissioners to Assess Damages.

THE VILLAGE OF NORTH PELHAM, Appellant.

*Damages for a change of grade, whether from a natural or from an established grade.*

Section 159 of the Village Law (Laws of 1897, chap. 414) authorizes compensation for damages resulting from a change in the grade of a street in a village, whether such change is from the natural grade or from a grade established by a resolution of the duly constituted authorities.

APPEAL by The Village of North Pelham from an interlocutory judgment of the Supreme Court in favor of Harriet A. Greer, entered in the office of the clerk of the county of Westchester on the 14th day of January, 1899, upon the decision of the court, ren-

dered after a trial at the Westchester Special Term, appointing commissioners under the provisions of section 159 of chapter 414 of the Laws of 1897, known as the Village Law, to assess the damage sustained by the petitioner by reason of the change of grade of First street in the village of North Pelham.

*William J. Marshall,* for the appellant.

*Arthur Furber,* for the respondent.

WOODWARD, J.:

The petitioner, Harriet A. Greer, is the owner of certain premises in the village of North Pelham, on the south side of First street, with a frontage of ninety feet. In the fall of 1898 the village board, acting under the authority of section 159 of chapter 414 of the Laws of 1897, known as the Village Law, and having " exclusive control and jurisdiction " of First street in the village of North Pelham, changed the grade of that street. The petitioner, feeling herself aggrieved, presented a verified claim for damages to the village board, and that body neglecting or refusing to compensate her within the time provided by law, the present proceeding was instituted for the purpose of securing the appointment of a commission to assess the damages which she may have sustained.

The learned trial court found the necessary jurisdictional facts, and that (3) " said village has changed the grade of said First street in front of said lands and premises ; * * * (4) that said change of grade has injuriously affected the said lands and premises of the petitioner." To these findings of fact, and the conclusions of law growing out of such facts, the village of North Pelham, the appellant, duly excepted and appeal comes to this court.

Upon the trial of the issues there was evidence sufficient to sustain the findings of fact, and the conclusions of law flow irresistibly from the facts thus established. It is clear that section 159 of the Village Law contemplates that where the grade of a street is changed, whether from the natural grade or a grade established by resolution of the duly-constituted authorities, those whose property is injured by such change shall be properly compensated. As was said of a similar act in *Matter of Whitmore* v. *Village of Tarrytown* (137 N. Y. 409, 416) : " The act was passed to meet cases where the grade of

a street having once been established or naturally existing was, by act of the village, raised or lowered by ordinance or resolution, or some municipal action which effects a change of the grade within the ordinary meaning of that term." (See *McCall* v. *Village of Saratoga Springs*, 9 N. Y. Supp. 170; affd., 121 N. Y. 704; *Matter of Bartlett* v. *Tarrytown*, 52 Hun, 380.) In the last cited case the court say : " It is no answer to the application for the commission that John street before the change was a public street and that the village did not fix its grade. The village took the street for the purposes of this act as it was, and a change in grade thereafter made, causing damages to the landowner, was within the act." This matter came up under the provisions of chapter 113 of the Laws of 1883, but, in so far as the merits are concerned, it is the same as the act under which the present proceeding is taken.

It is undoubtedly true that, in the absence of statutory provisions, the individual has no remedy for a change in the grade of the highway on which his property abuts (*Radcliff's Executors* v. *Mayor, etc., of Brooklyn*, 4 N. Y. 195); but where the Legislature has given the abutting property owner a remedy it is no part of the duty of the court to construe the statute to defeat the object, and we are of opinion that the judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.