### COMESKY v. VILLAGE OF SUFFERN et al.

(Supreme Court, Appellate Division, Second Department.  May 1, 1903.)

1. MUNICIPAL CORPORATIONS—STREETS—CHANGE OF GRADE.
  The grade of a street may be changed, within Laws 1897, p. ·420, c. 414, § 159, so as to give an abutting owner a right to damages, though the village has not actually worked the whole street up to the established sidewalk grade.

2. APPEAL—ERRONEOUS ADMISSION OF EVIDENCE.
  Commissioners to appraise the damages to abutting property for change of a street grade will not be considered to have adopted an erroneous measure of damages, so as to require a reversal, though incompetent evidence was admitted; they having viewed the property, and damages to the amount found being established by competent evidence.

3. CONSTITUTIONAL LAW—DEFINING TAKING OF PROPERTY.
  Laws 1897, p. 420, c. 414, § 159, declaring a change of street grade by a village a taking of adjacent property for public use, to the extent it is injured thereby, is within the power of the Legislature.

4. SAME—RIGHT TO RAISE THE QUESTION.
  A village which changes a street grade under Laws 1897, p. 420, c. 414, § 159, may not question the constitutionality of the provision therein for appraisal of damages by commissioners instead of in a court, or of the provision therein involving the use of the taxing power to pay the damages.

---

¶ 3. See Municipal Corporations, vol. 36, Cent. Dig. § 916.

Appeal from Special Term.

Petition by Frank Comesky against the village of Suffern and others for appointment of commissioners to appraise damages sustained by plaintiff by a change of street grade. From an order confirming the report of the commissioners, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Henry Bacon (Joseph Merritt, on the brief), for appellants.
Arthur S. Tompkins, for respondent.

WOODWARD, J. The notice of appeal in this case gives notice that the appellants will bring up for review the original order appointing the commissioners, so that it seems the whole proceeding is here for review. Section 159 of the village law (chapter 414, p. 420, Laws 1897) provides that, where a village has exclusive control and jurisdiction of a street or bridge therein, it may change the grade thereof, and that if the change shall injuriously affect any building or land adjacent thereto, or the use thereof, the change of grade, to the extent of the damage resulting therefrom, shall be deemed the taking of such adjacent property for a public use. It further provides that a person claiming damages must present his claim, verified, to the board of trustees, within 60 days of the change in grade, and authorizes the board to agree upon the damages, and provides that, if no agreement is reached within 30 days of the presentation of the claim, the person aggrieved may apply to the Supreme Court for the appointment of three commissioners to determine the compensation to which he is entitled. He is to give notice to the board at least 10 days before commencing his proceeding, and it is provided that all matters subsequent to the appointment of the commissioners shall be in accordance with the provisions of the condemnation law, so far as applicable, which undoubtedly contemplates a view of the premises by the commissioners, as an aid to their judgment in determining the damages sustained. The plaintiff proceeded under this statute, a commission was appointed, it has made its report, and that report has been confirmed. The commissioners awarded the plaintiff damages to the amount of $550, and the defendants appeal from the order confirming this award.

We are clearly of opinion that under the rule recognized and adopted by this court in Matter of Greer, 39 App. Div. 22, 56 N. Y. Supp. 938, there was a change of the grade in front of and adjacent to the premises of the plaintiff, and that the facts disclosed presented a case for the appointment of commissioners under the provisions of section 159 of the village law. The fact that the village of Suffern has not actually worked the whole street up to the sidewalk grade which it has established for the plaintiff is no ground for saying that the grade of the street has not been changed. Bissell v. Village of Larchmont, 57 App. Div. 61, 67 N. Y. Supp. 962.

The evidence in support of the contention that the plaintiff had waived his damages is by no means conclusive. The petitioner says that he did not, and the evidence to the contrary is not such as to

warrant us in holding that the order appealed from should be reversed.

We do not find evidence that an erroneous rule of damages was adopted by the commissioners. The evidence, which is unquestionably competent and relevant, is sufficient to support the conclusion of the commissioners that the plaintiff was damaged to the extent of $550; leaving out of consideration the fact that the commissioners were authorized to, and presumptively did, view the premises. In the appraisal of damages by a commission authorized to view the premises, the rule is well established that, in the absence of evidence that the commissioners adopted a wrong principle in reaching their determination, mere errors in the admission of evidence will not justify a reversal. The fact that some of the witnesses were permitted to state that the surface water did not flow from the plaintiff's premises since the change of grade, and that the water stood upon some portions of it, while not, perhaps, constituting a legal element of damages, is not evidence that the commissioners adopted an erroneous theory in arriving at a verdict, especially where it appears affirmatively that the plaintiff was damaged by reason of the change of grade, by making his buildings inaccessible. The evidence clearly establishes that it will cost the plaintiff from $500 to $700 to place his buildings and his premises in as good condition for the purposes for which they were used as they were in when the defendants began the work of changing the grade. The commissioners having found that his damages are $550, it cannot be said that the mere admission incidentally of incompetent evidence, assuming it to be incompetent, shows that the commissioners adopted an erroneous measure of damages.

It is urged upon this appeal, though we find no suggestion that it was raised in the court below or before the commissioners in any way, that section 159 of the village law is unconstitutional upon three points: It is said, first, because it is a determination by the Legislature of what constitutes the taking of property; second, because it permits an appraisal of damages by commissioners, instead of in a court of law; and, third, because it is an exercise of the taxing power to provide the funds with which to pay the damages thus ascertained.

It hardly seems necessary to enter into any extended discussion of the constitutional questions thus presented for the first time upon appeal. When a municipal corporation, by virtue of the powers invested in it by law, changes the grade of a street in such a manner as to annihilate the value of property, and strip it of its attributes by which alone it is distinguished as property, the owner is deprived of it, according to the plainest interpretation, and certainly within the constitutional provision intended expressly to shield personal rights from the exercise of arbitrary power. Wynehamer v. People, 13 N. Y. 378, 398. While it has been held that this was a damage which the owner must submit to without a remedy, in the absence of statutory provisions, there can be no doubt that it is within the province of the Legislature, as against a corporation of its own creation, to say what shall constitute a taking of private property for public purposes. "Depriving an owner of property of one of its essential attributes is depriving him of his property, within the constitutional provision," says Andrews, C. J., in People v. Otis, 90 N. Y. 48, 52; and surely, where an

abutting owner is deprived of the practical use of his buildings by reason of a change of grade, there is a taking of the property of the individual, and the Legislature not only has a right, but it is warranted by considerations of justice in providing for payment of the damages thus suffered. So in a like manner the Legislature, in creating a municipal corporation, has the right to create a tribunal for assessing the damages which individuals may sustain by reason of the taking of their property for public purposes, and the corporation has no standing in court to question the constitutionality of such a tribunal. People ex rel. Underhill v. Skinner, 74 App. Div. 58, 61, 77 N. Y. Supp. 36. The individual whose property was taken might question the jurisdiction, but the corporation, having proceeded against the property rights of the individual under a statute which provides the remedy, is not in a position to say that it had authority to take the property, but that the individual had no right to the remedy provided. The authority for the village to act is coupled with the remedy, and the two are so interwoven that they must be construed and administered together. Dailey v. N. Y., Ontario & Western Ry. Co., 26 Misc. Rep. 539, 57 N. Y. Supp. 485; The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358; Wooden v. W. N. Y. & P. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803; Kiefer v. Grand Trunk R. Co., 12 App. Div. 28, 33, 42 N. Y. Supp. 171; Hill v. Board of Supervisors, 119 N. Y. 344, 23 N. E. 921. The same remarks are true of the taxing power. If the village acted under the authority of the state in changing the grade, it must be deemed to have accepted all of the conditions fixed by the statute, which involved the use of the taxing power to pay the damages which should be assessed. A taxpayer might have a standing to raise the question of constitutionality, but we hardly think the municipality is in a position to do so, even conceding that the contentions have merit. The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.