In the Matter of the Petition of FRANK COMESKY, Respondent, for the Appointment of Commissioners to Assess the Damages to his Property Resulting from a Change of Grade of Nyack and Orange Avenues in the VILLAGE OF SUFFERN, NEW YORK, Appellant.

*Establishment of a new sidewalk grade in a village — it constitutes a change of grade — an appraisal of damages, when not disturbed — right of a village to attack the constitutionality of an act authorizing it to change the grade of its streets.*

The action of a village in establishing a new sidewalk grade in one of the village streets is a change of grade within the meaning of section 159 of the Village Law (Laws of 1897, chap. 414), although the whole of the street has not been worked up to the new sidewalk grade.

An appraisal of damages for injuries to land, made by commissioners who were authorized to view the premises, will not be disturbed for mere errors in the admission of evidence, unless it appears that the commissioners adopted a wrong principle in reaching their determination.

A village has no standing to attack the constitutionality of section 159 of the Village Law upon the grounds, *first,* that it involves a determination by the Legislature of what constitutes the taking of property; *second,* that it permits an appraisal of damages by a commission instead of by a court of law, and *third,* because it is an exercise of the taxing power to provide the funds with which to pay the damages thus ascertained.

APPEAL by the Village of Suffern from an order of the Supreme Court, made at the Rockland Special Term and entered in the office of the clerk of the county of Rockland on the 2d day of July, 1901, confirming the report of commissioners appointed to appraise the damages alleged to have been sustained by the petitioner by reason of a change of grade, with notice of an intention to bring up for review upon such appeal an order bearing date the 18th day of March, 1899, and entered in said clerk's office, appointing said commissioners.

*Henry Bacon* and *Frank S. Harris* [*Joseph Merritt* with them on the brief], for the appellant.

*Arthur S. Tompkins,* for the respondent.

WOODWARD, J.:

The notice of appeal in this case gives notice that the appellant will bring up for review the original order appointing the commis-

sioners, so that it seems the whole proceeding is here for review. Section 159 of the Village Law (Laws of 1897, chap. 414) provides that where a village has exclusive control and jurisdiction of a street or bridge therein it may change the grade thereof, and that if the change shall injuriously affect any building or land adjacent thereto, or the use thereof, the change of grade to the extent of the damage resulting therefrom, shall be deemed the taking of such adjacent property for a public use. It further provides that a person claiming damages must present his claim verified to the board of trustees within sixty days after the change in grade; authorizes the board to agree upon the damages, and provides that if no agreement is reached within thirty days after the presentation of the claim, the person aggrieved may apply to the Supreme Court for the appointment of three commissioners to determine the compensation to which he is entitled. He is to give notice to the board at least ten days before commencing his proceeding, and it is provided that all matters subsequent to the appointment of the commissioners shall be in accordance with the provisions of the Condemnation Law (Code Civ. Proc. §§ 3357-3384), so far as applicable, which undoubtedly contemplates a view of the premises by the commissioners as an aid to their judgment in determining the damages sustained. The plaintiff proceeded under this statute, a commission was appointed, it has made its report, and that report has been confirmed. The commissioners awarded the plaintiff damages to the amount of $550, and the defendant appeals from the order confirming this award.

We are clearly of opinion that under the rule recognized and adopted by this court in *Matter of Greer* (39 App. Div. 22) there was a change of the grade in front of, and adjacent to, the premises of the plaintiff, and that the facts disclosed presented a case for the appointment of commissioners under the provisions of section 159 of the Village Law. The fact that the village of Suffern has not actually worked the whole street up to the sidewalk grade which it has established for the plaintiff, is no ground for saying that the grade of the street has not been changed. (*Matter of Bissell*, 57 App. Div. 61.)

The evidence in support of the contention that the plaintiff had waived his damages is by no means conclusive; the petitioner says

that he did not, and the evidence to the contrary is not such as to warrant us in holding that the order appealed from should be reversed.

We do not find evidence that an erroneous rule of damages was adopted by the commissioners; the evidence, which is unquestionably competent and relevant, is sufficient to support the conclusion of the commissioners that the plaintiff was damaged to the extent of $550, leaving out of consideration the fact that the commissioners were authorized to, and presumptively did, view the premises. In the appraisal of damages by a commission, authorized to view the premises, the rule is well established that in the absence of evidence that the commissioners adopted a wrong principle in reaching their determination, mere errors in the admission of evidence will not justify a reversal. The fact that some of the witnesses were permitted to state that the surface water did not flow from the plaintiff's premises since the change of grade, and that the water stood upon some portions of it, while not, perhaps, constituting a legal element of damages, is not evidence that the commissioners adopted an erroneous theory in arriving at a verdict, especially where it appears affirmatively that the plaintiff was damaged by reason of the change of grade by making his buildings inaccessible. The evidence clearly establishes that it will cost the plaintiff from $500 to $700 to place his buildings and his premises in as good condition for the purposes for which they were used as they were in when the defendant began the work of changing the grade. The commissioners having found that his damages are $550, it cannot be said that the mere admission incidentally of incompetent evidence, assuming it to be incompetent, shows that the commissioners adopted an erroneous measure of damages.

It is urged upon this appeal, though we find no suggestion that it was raised in the court below or before the commissioners in any way, that section 159 of the Village Law is unconstitutional upon three points. It is said, *first*, because it is a determination by the Legislature of what constitutes the taking of property; *second*, because it permits an appraisal of damages by commissioners instead of in a court of law; and, *third*, because it is an exercise of the taxing power to provide the funds with which to pay the damages thus ascertained.

It hardly seems necessary to enter into any extended discussion of the constitutional questions thus presented for the first time upon appeal. When a municipal corporation, by virtue of the powers invested in it by law, changes the grade of a street in such a manner as to annihilate the value of property and strip it of its attributes by which alone it is distinguished as property, the owner is deprived of it according to the plainest interpretation, and certainly within the constitutional provision (Art. 1, § 6) intended expressly to shield personal rights from the exercise of arbitrary power. ( *Wynehamer* v. *People*, 13 N. Y. 378, 398.) While it has been held that this was a damage which the owner must submit to without a remedy, in the absence of statutory provisions, there can be no doubt that it is within the province of the Legislature, as against a corporation of its own creation, to say what shall constitute a taking of private property for public purposes. " Depriving an owner of property of one of its essential attributes, is depriving him of his property within the constitutional provision," says ANDREWS, Ch. J., in *People ex rel. Manhattan Savings Inst.* v. *Otis* (90 N. Y. 48, 52), and surely where an abutting owner is deprived of the practical use of his buildings by reason of a change of grade, there is a taking of the property of the individual, and the Legislature not only has a right, but it is warranted by considerations of justice in providing for payment of the damages thus suffered. So, in a like manner, the Legislature, in creating a municipal corporation, has the right to create a tribunal for assessing the damages which individuals may sustain by reason of the taking of their property for public purposes, and the corporation has no standing in court to question the constitutionality of such a tribunal. (*People ex rel. Underhill* v. *Skinner*, 74 App. Div. 58, 61.) The individual whose property was taken might question the jurisdiction, but the corporation, having proceeded against the property rights of the individual under a statute which provides the remedy, is not in a position to say that it had authority to take the property, but that the individual had no right to the remedy provided. The authority for the village to act is coupled with the remedy, and the two are so interwoven that they must be construed and administered together. (*Dailey* v. *N. Y., Ontario & Western Ry. Co.*, 26 Misc. Rep. 539 ; *The Harrisburg*, 119 U. S. 199 ; *Wooden* v. *W. N. Y.*

*& P. R. R. Co.*, 126 N. Y. 10; *Kiefer* v. *Grand Trunk R. Co.*, 12 App. Div. 28, 33 ; *Hill* v. *Supervisors*, 119 N. Y. 344.) The same remarks are true of the taxing power. If the village acted under the authority of the State in changing the grade it must be deemed to have accepted all of the conditions fixed by the statute which involved the use of the taxing power to pay the damages which should be assessed. A taxpayer might have a standing to raise the question of constitutionality, but we hardly think the municipality is in a position to do so, even conceding that the contentions have merit.

The order appealed from should be affirmed, with costs.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and JENKS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.