FRANK COMESKY, Respondent, v. THE VILLAGE OF SUFFERN, Appellant, Impleaded with Others.

1. VILLAGES — CHANGE OF GRADE IN STREETS THEREIN — WHAT MUST BE ALLEGED AND ESTABLISHED TO RECOVER DAMAGES THEREFOR UNDER THE STATUTE (L. 1897, CH. 414, § 159). Under the Village Law (L. 1897, ch. 414, § 159) the Supreme Court has no jurisdiction to appoint commissioners to determine and award damages for a change of grade in a village street unless the claimant establishes: 1. That the village has exclusive control and jurisdiction of the street. 2. That it has changed the grade thereof. 3. That such change has injuriously affected his building or the land adjacent thereto, or the use thereof; and, 4. That he has presented to the board of trustees of the village a verified claim for his alleged damages within sixty days after the change in grade was effected.

2. SAME — ERRONEOUS APPOINTMENT OF COMMISSION TO AWARD DAMAGES FOR CHANGE OF GRADE. Where the petition of a claimant alleged the facts required by the statute, and an answer was interposed denying all of such facts except that the village had jurisdiction of the streets in question, and alleged that the only work done thereon was to cause the inequalities thereof to conform to an established and existing grade and to lay sidewalks thereon, all of which was done with the consent and approval of petitioner, who had expressly, and by implication, waived the claim set forth in his petition; and the court, with no proof or determination of the facts in dispute, appointed a commission to determine and award the compensation to which the petitioner claimed to be entitled, and a report awarding damages was made and confirmed without affording the village any opportunity to establish the facts put in issue by the denial and other allegations of the answer, the order appointing the commission is void for want of jurisdiction, and the fact that it was granted by a court of general jurisdiction will not sustain the proceeding.

*Matter of Comesky,* 83 App. Div. 137, reversed.

(Argued October 18, 1904; decided November 22, 1904.)

APPEAL from a judgment, entered May 7, 1903, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which affirmed an order of Special Term confirming the report of commissioners appointed to appraise the damages alleged to have been sustained by reason of a change of grade, and which also brought up for review the original order appointing such commissioners.

The facts, so far as material, are stated in the opinion.

*Henry Bacon, Joseph Merritt* and *Frank S. Harris* for appellant. The order appointing commissioners was void for want of jurisdiction. (*Matter of Greer*, 39 App. Div. 22; *Matter of Bissell*, 57 App. Div. 61; *Phipps* v. *Vil. of Pelham*, 61 App. Div. 442; *Matter of Caffrey*, 52 App. Div. 264; *Matter of Borup*, 89 App. Div. 183; *Matter of Whitmore* v. *Vil. of Tarrytown*, 137 N. Y. 409; *Deely* v. *Heintz*, 169 N. Y. 129; *Lentschner* v. *Lentschner*, 80 App. Div. 43; *Gein* v. *Little*, 86 App. Div. 503; *Sommer* v. *Sommer*, 87 App. Div. 434.)

*Arthur S. Tompkins* for respondent. The order appointing commissioners was made under section 159 of the Village Law; the statute was strictly followed and the order is valid. (L. 1897, ch. 414, § 159.)

MARTIN, J. Independently of the Village Law (Laws 1897, ch. 414, § 159) the respondent possessed no right to recover damages caused by the change of grade complained· of. There was no encroachment upon or actual interference with his premises, and the improvement was made for the benefit of the public and in a proper manner. Under these circumstances, in the absence of any statute providing for compensation, remote or consequential damages arising from the change of grade could not be recovered. (*Radcliff's Exrs.* v. *Mayor, etc., of Brooklyn*, 4 N. Y. 195; *Fries* v. *N. Y. & H. R. R. Co.*, 169 N. Y. 282, 283, and cases cited.)

Thus the respondent's rights and remedies are dependent upon the provisions of section 159, which provides: "If a village has exclusive control and jurisdiction of a street or bridge therein, it may change the grade thereof. If such change of grade shall injuriously affect any building or land adjacent thereto, or the use thereof, the change of grade to the extent of the damage resulting therefrom, shall be deemed the taking of such adjacent property for a public use. A person claiming damages from such change of grade must present

to the board of trustees a verified claim therefor, within sixty days after such change of grade is effected. The board may agree with such owner upon the amount of damages to be allowed to him. If no agreement be made, within thirty days after the presentation of the claim, the person presenting it may apply to the Supreme Court for the appointment of three commissioners to determine the compensation to which he is entitled. Notice of the application must be served upon the board of trustees at least ten days before the hearing thereof. All proceedings subsequent to the appointment of the commissioners shall be taken in accordance with the provisions of the condemnation law, so far as applicable, except that the commissioners in fixing their award may make an allowance for benefits derived by the claimant from such improvement."

Although there were several interesting and important questions discussed by counsel, still, with our view of the case, the only one we deem it necessary to consider is whether the order appointing commissioners to assess the damages claimed by the respondent was authorized, or whether it was void for want of jurisdiction. As we have already seen, this proceeding was wholly statutory. Both the right sought to be enforced and the remedy provided for its enforcement were created by the same section of the statute. By the provisions of that section certain facts and conditions must precede the right to recover any compensation, and must be established and determined before the remedy becomes available, so far as the appointment of commissioners was concerned. As the right claimed was for compensation for damages sustained by change of grade, until the fact that there had been a change of grade, resulting in damages to the respondent, was determined by the court, it possessed no authority or jurisdiction to appoint commissioners to assess them. In other words, before the court had any jurisdiction to grant an order appointing commissioners, the fact that there had been such change of grade, followed by damages to the respondent, and that there had been a presentation to the board of a verified claim therefor within

sixty days after such change was effected, was necessary to be established and determined.

An examination of this section of the statute discloses that the establishment of several facts must precede the jurisdiction of a court to appoint commissioners : 1. The village must have exclusive control and jurisdiction of the streets; 2. It must have changed the grade thereof ; 3. Such change must have injuriously affected the respondent's building or the land adjacent thereto, or the use thereof ; and, 4. The person claiming damages must have presented to the board a verified claim therefor within sixty days after such change was effected. In this case, while the petition of the respondent alleged ·facts which, if established and determined in his favor, would have entitled him to an order appointing commissioners, yet, an answer was interposed which admitted some of the facts necessary to be established and denied others. It denied that there was any material or substantial change of grade, denied that the respondent's premises or the use thereof were injuriously affected thereby, denied that his claim for damages was presented within sixty days after the change of grade was effected, and then alleged that the only work done by the village upon said streets consisted in causing the inequalities of said streets to conform to an already established and existing grade and laying sidewalks thereon. It further alleged that the work mentioned in the petition was done with the knowledge, consent and approval of the petitioner, and that he both expressly and by implication waived any such claim as was set forth therein. It is obvious that if the allegations of the answer, together with its denials, had been established and found in the appellant's favor, the respondent would not have been entitled to an order appointing such commissioners. But the court, upon the petition and notice of motion, with no proof or determination of the facts alleged therein and denied by the answer, granted an order appointing three commissioners to determine the compensation to which the petitioner claimed to be entitled by reason of the alleged change of grade, and to report their determination to the court. Thus

the appellants were afforded no opportunity for the trial of the issues raised by the answer, either before the commission was appointed or afterwards, and the report of the commissioners was confirmed without affording them any opportunity to establish the facts alleged and put in issue by the denial and other allegations of the answer. The village sought diligently to obtain such an opportunity, but it was denied both by the court and the commissioners appointed. It is also apparent from the record that the court at the time it granted the order appointing commissioners thought that the matters set up in the answer might be tried before and considered by the commissioners. Afterwards, however, when an attempt was made to resettle the order by inserting a provision authorizing the commissioners to take proof upon the issues, the motion was denied and the court expressed the opinion that it was for the commissioners to find, from the evidence and from a personal inspection, how much of a change of grade was made, and then assess six cents damages or more, thereby assuming that there had been a change of grade, resulting in damage to the respondent, although those facts were denied by the answer and the issues thus raised had not been tried or determined. Subsequently the commissioners appointed a time and place for a hearing, and a trial followed which resulted in an award to the petitioner of $550 damages, besides costs. Therefore, it becomes evident that a substantial sum for damages has been awarded against the village without its having been afforded an opportunity to try the issues raised by the denial and defenses in the answer. We think it is clear that until those issues were tried and determined and the court found that there had been a change of grade, which injuriously affected the property of the respondent, and that a verified claim was presented within sixty days, it had no power, authority or jurisdiction to grant the order appointing commissioners. Such is the plain language and effect of the statute. It is only when those facts exist and are established and found by the court that it has any authority or jurisdiction to appoint a commission. The jurisdiction of the court was dependent upon the existence of

those particular facts, and, therefore, they must appear and be determined or the order was void, as it was only when they were found to exist that the court had any power or authority to make such appointment. The issues tendered by the defendants' answer were not merely technical, but went to the very substance of the respondent's right to recover. If the facts were that the only act performed by the appellants consisted of causing the inequalities of the street to conform to an already established and existing grade there was no change of grade within the meaning of the statute. (*Matter of Whitmore* v. *Vil. of Tarrytown*, 137 N. Y. 409; *Farrington* v. *City of Mount Vernon*, 166 N. Y. 233; *Fuller* v. *City of Mount Vernon*, 171 N. Y. 247, 253.)

The conclusion that the facts entitling the respondent to damages were jurisdictional and must be established before the court was justified in granting the order appointing commissioners is fully sustained in *Matter of Borup* (89 App. Div. 183), and plainly recognized in *Matter of Greer* (39 App. Div. 22).

Nor does the fact that the court before which this application was made was a court of general jurisdiction, aid the respondent in sustaining this proceeding, as it is to be observed that it does not fall within the ordinary proceedings of a court of common law, and, hence, the jurisdiction of the court is special and limited, wholly dependent upon the statute, and no presumption can be indulged in favoring that particular jurisdiction. In cases of that character, where the rights and remedies are new and conferred only by statute, the statute must be strictly pursued, whatever jurisdiction the court may possess. ( *Warren* v. *Union Bank of Rochester*, 157 N. Y. 259, 276.)

Presumptions indulged in support of the judgments of superior courts of general jurisdiction are limited to jurisdiction over persons within their territorial limits, and over proceedings which are in accordance with the course of the common law. (*Galpin* v. *Page*, 18 Wall. 350.)

We are of the opinion that the court acquired no jurisdic-

tion to appoint commissioners to determine the amount of damages due to the respondent, that the order was void, and, hence, that the judgment of the Appellate Division should be reversed, the order granted by the Special Term should be vacated with all subsequent proceedings taken thereunder, and the proceeding remitted to the Special Term for further consideration, with costs to the appellants in all the courts.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Order reversed, etc.