### NICHOLOY v. VILLAGE OF NEWARK.

### BEAL v. SAME.

(Supreme Court, Special Term, Wayne County. August 12, 1911.)

1. EMINENT DOMAIN (§ 226*)—STREETS—CHANGE OF GRADE—DAMAGES—APPLICATIONS FOR APPOINTMENT OF COMMISSIONERS.

The application of lot owners for appointment of commissioners to determine their damages from change of grade of a village street, and the notice of the application, having stated facts showing that the work was lawfully done by the village, the allegations therein that its acts amounted to an appropriation of petitioners' property, and were made wrongfully and without legal process or procedure, if not construed as an intended allegation that no proceedings for appropriation of land under the condemnation acts were taken, which construction does not militate against petitioners' claim for damages, are merely unsupported conclusions of law, to be treated as surplusage.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 226.*]

2. MUNICIPAL CORPORATIONS (§ 385*)—STREETS—"CHANGE OF GRADE"—ESTABLISHMENT BY USAGE.

Change in elevation of a street is a "change of grade" thereof, within Village Law (Consol. Laws 1909, c. 64) § 159, allowing lot owners to recover damages; the grade thereof, while not previously fixed by ordinance, having for years been established by usage and common consent of the public.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 925–928; Dec. Dig. § 385.*

For other definitions, see Words and Phrases, vol. 2, pp. 1055, 1056; vol. 8, p. 7599.]

3. MUNICIPAL CORPORATIONS (§ 385*)—STREETS—CHANGE OF GRADE—RAISING SIDEWALKS.

The raising of a sidewalk is a change of grade of the street, within Village Law (Consol. Laws 1909, c. 64) § 159, allowing recovery of damages by the lot owner.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 925–928; Dec. Dig. § 385.*]

Applications, one by J. Herbert Nicholoy and the other by Carrie E. Beal, both against the Village of Newark, for appointment of commissioners to determine compensation to them as lot owners for change of street grade. Granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Byron C. Williams, for claimants.
John H. Egan, Village Atty., for respondent.

SAWYER, J.   Respondent's preliminary objection is overruled, and motion denied.

[1] Both the petition and the notice state facts showing that the work complained of was lawfully done by respondent.  The allegation that such acts amounted to an appropriation of petitioners' property without right, and were made wrongfully and without legal process or procedure, is at the utmost a conclusion of law, not warranted, but directly contradicted, by the facts alleged.  Petitioners' contention that it was intended only thereby to allege that no proceedings for the appropriation of land under the condemnation acts were taken is probably true, and, so construed, is in no wise contradictory to the claims under the facts.  If not so construed, they are merely unsupported conclusions, and to be treated as surplusage.

[2] Respondent village is, and for many years has been, duly incorporated under the laws of this state and as such, has full jurisdiction and control of the streets within its corporate limits, including those known as East Union street and Stansell street.  At this location East Union street runs approximately east and west, and Stansell street intersects with and runs northerly therefrom.  The sidewalk upon the south side of East Union street is somewhat higher than the driveway in its center; such driveway in turn being somewhat above the sidewalk upon the north side of the street, next to which are located the premises of the relators.  The grade of said street, prior to the acts complained of, had never been fixed by ordinance, but has for years been established by usage and common consent of the public.  From time to time since its opening little imperfections both in the highway proper and in the sidewalks have been repaired by the placing thereon of gravel and cinders, and by other similar ordinary methods; but, in the main, the street has remained as above described from its beginning until some five or six years ago, when the village raised that part of the highway used for vehicles in front of relator's premises about one foot.   In 1909 it raised the sidewalk and adjoining gutter upon the north side of the street, commencing at Stansell street and running thence east in front of the premises of these relators, and for a considerable distance beyond and extending south toward the center of the highway 8 or 10 feet, until it struck the upward slope of the street.   At the west this fill extended into Stansell street, raised the highway adjoining the Beal property approximately 2 feet, and extended north about 2 rods, tapering to the grade of the street.   In front of the premises of the relator Beal the East Union street sidewalk was raised from 28 to 36 inches above his lawn, and in front of the premises of the relator Nicholoy from 17½ to 23 inches.  The grade of the old walk had been on the average about on a level with the lawns.  Upon the north side of the line of relator's property the fill was held in place by a perpendicular wall of plank. Upon the top of the fill was constructed a cement sidewalk, 5 feet wide and 4 inches thick, the whole constituting a substantially level

sidewalk upon the north side of the street from Stansell street eastward.

It was within the lawful authority of the village of Newark to make this change, if it was deemed beneficial to the street and the users thereof, and prior to the enactment of what is now section 159 of the village law these relators would have had no remedy for any damage suffered thereby. Since the adoption of that provision, however, a recovery against the village for such damage may be had. The village, in the exercise of its authority and by formal and legal action of its board of trustees, directed the change to be made. The work was done by its direction, by its town officers and employés, and all after notice of and consideration of the objections thereto by relators.

Upon the premises of relators stand their respective dwelling houses —that of Mrs. Beal occupied as a home by herself and family, and that of Mr. Nicholoy by tenants. The evidence shows conclusively that the value of both these properties and of their use has been considerably lessened by these changes, and even without the oral testimony it requires but little study of the photographic evidence to demonstrate that both relators have been injured, and seriously injured, by this improvement.

[3] Under the authorities the raising of the sidewalk is a change of grade, within the meaning of that section of the village law referred to. Whitmore v. Tarrytown, 137 N. Y. 409–416, 33 N. E. 489; Folmsbee v. City of Amsterdam, 142 N. Y. 118–124, 36 N. E. 821; Matter of Greer, 39 App. Div. 22, 56 N. Y. Supp. 938; Matter of Comesky, 83 App. Div. 137, 81 N. Y. Supp. 1049. The last-mentioned case was reversed in the Court of Appeals (179 N. Y. 393, 72 N. E. 320), but upon a different question, and the reasoning of the court below upon this subject was in no way criticised. Upon the facts and the law I find:

First. That the village has and had exclusive control and jurisdiction of the streets in question.

Second. That it has changed the grade thereof, and that such change was lawfully authorized and directed by its proper officials.

Third. That such change has injuriously affected the lands and premises of the relator Beal and of the relator Nicholoy, and the use thereof.

Fourth. That both mentioned relators duly presented to the board of trustees of the village of Newark a verified claim for the damages suffered by them respectively within 60 days after the change in grade was effected.

Fifth. That no agreement has been made with either relator as to the amount of damages to be allowed him, nor has any verified offer to settle or compromise such claim been made by said village, and that 30 days had elapsed after the presentation of said claims before these applications were made.

Sixth. That each relator's application for the appointment of three commissioners to determine the compensation to which he is entitled for such damage must be granted.

An order may be prepared and entered in each case in accordance with the foregoing memorandum. The court will appoint the commissioners unless the parties shall agree.