(89 App. Div. 183.)

### In re BORUP.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. MUNICIPAL CORPORATIONS—STREETS—CHANGE OF GRADE—DAMAGES—PROCEEDINGS.

Laws 1903, p. 1396, c. 610, provides that in any town in which a highway shall be repaired, graded, and macadamized from curb ·to curb under Laws 1892, p. 1761, c. 686, an owner of adjacent land shall be entitled to damages, but requires him to present a verified claim therefor, and enacts that, if he and the town board cannot agree within 30 days, he may apply to the Supreme Court for the appointment of commissioners to determine the compensation. *Held*, that the question whether the highway had been previously graded 'or macadamized in accordance with the statute cited, and whether the petitioner was the owner of adjacent

land, were jurisdictional facts, which must be decided before the commissioners could be appointed, and where the town denied both of these facts an issue was raised on which the town was entitled to trial before the application could be granted.

Appeal from Special Term, Kings County.

Application by John Borup for the appointment of commissioners to assess damages to his property from a change of grade in the highway. From an order granting the application, the town of Eastchester and William D. Granger, its supervisor, appeal. Reversed.

Argued before GOODRICH, P. J. and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Isaac N. Mills, for appellants.

Alfred E. Smith, for respondent.

GOODRICH, P. J. John Borup, on petition, applied at Special Term for an order appointing three commissioners to determine the compensation to which he might be entitled by reason of a change of the grade of Jefferson Place in the town of Eastchester. The notice of the application was addressed to William D. Granger, supervisor of the town, and served upon him, together with a copy of the petition The Special Term appointed the commissioners, and the supervisor and the town appeal from the order.

The proceedings are taken under chapter 610, p. 1396, of the Laws of 1903, which provides that:

"In any town in which a highway has been or hereafter shall be repaired, graded and macadamized from curb to curb by the authorities of the town in accordance with the provision of section sixty-nine of chapter six hundred and eighty-six of the Laws of eighteen hundred and ninety-two (the county law), the owner or owners of the land adjacent to the said highway shall be entitled to recover from the town the damage resulting from any change of grade."

The owner of such land must present to the town board a verified claim of his damage, and, if he and the town board cannot agree upon the amount of his damages within 30 days, the owner "may apply to the Supreme Court for the appointment of three commissioners to determine the compensation to which he is entitled. Notice of the application must be served upon the supervisor of the town." It is evident that certain facts must be established before commissioners can be appointed, and, among them, whether the highway has been previously repaired, graded, and macadamized from curb to curb by the authorities of the town, in accordance with section 69 of the county law (Laws 1892, p. 1761, c. 686, and whether the petitioner is the owner of land adjacent to the highway. Both facts are essential to the jurisdiction of the court. The petition alleged: First, that in March, 1901, the lawful authorities of the town, in accordance with section 69 of the county law, caused the highway to be repaired, graded, and macadamized from curb to curb, and in so doing changed the grade thereof; and, second, that the petitioner at the time of such change of grade was the owner of adjacent land. The town filed an amended answer, in which both of these allegations were

denied. Thus an issue was raised upon which the town was entitled to trial before the court had jurisdiction to appoint commissioners to establish the damages, for, if the highway had never before been graded or the road macadamized from curb to curb, or if the petitioner was not the owner of adjacent land, he was not entitled to compensation. This position is accentuated by the fact that the statute requires notice of the application for commissioners to be given to the supervisor of the town. This view renders it unnecessary to consider the other points raised by the appellants, and among them the constitutionality of the statute, and compels a reversal of the order.

Order reversed, with $10 costs and disbursements. All concur.