In the Matter of the Petition of KIRSTINE M. ANDERSEN, Appellant, for the Appointment of Commissioners to Assess Damages to Her Property from a Change of Grade of Jefferson Place in the TOWN OF EASTCHESTER, Respondent.

1. HIGHWAYS — DAMAGES FOR CHANGE OF GRADE — RETROACTIVE EFFECT OF L. 1903, CH. 610. Chapter 610, Laws of 1903, relating to damages for change of grade of a highway "in any town in which a highway *has been* or hereafter shall be repaired," expresses in unmistakable language an intention of the legislature to make it retroactive, and an owner abutting on a street the grade of which had been changed before its passage is entitled to recover damages as provided therein.

2. APPEAL — CONSTITUTIONAL QUESTION NOT RAISED BELOW. The constitutionality of a statute will not be considered by the Court of Appeals unless the question is raised below.

3. POLICY OF LEGISLATURE NOT REVIEWABLE. A suggestion that specified legislation is ill-advised should be addressed to the legislature, not to the Court of Appeals.

*Matter of Andersen*, 91 App. Div. 563, reversed.

(Submitted April 26, 1904; decided May 10, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 18, 1904, which reversed an order of Special Term appointing commissioners in the proceeding herein.

This proceeding involves the construction of chapter 610 of the Laws of 1903, which amends the Highway Law by

inserting therein a new section, known as section 11a, which reads as follows :

"§ 11a. Damages for change of grade. In any town in which a highway has been or hereafter shall be repaired, graded and macadamized from curb to curb by the authorities of the town in accordance with the provisions of section sixty-nine of chapter six hundred and eighty-six of the laws of eighteen hundred and ninety-two, the owner or owners of the land adjacent to the said highway shall be entitled to recover from the town the damage resulting from any change of grade. A person claiming damages from such change of grade must present to the town board of such town a verified claim therefor. The board may agree with such owner upon the amount of damages to be allowed him. If no agreement be made within thirty days after the presentation of the claim, the person presenting it may apply to the supreme court for the appointment of three commissioners to determine the compensation to which he is entitled. Notice of the application must be served upon the supervisor of the town at least ten days before the hearing thereof. All proceedings subsequent to the appointment of commissioners shall be taken in accordance with the provisions of the condemnation law so far as applicable. Such town board, or such commissioners, shall, in determining the compensation, consider the fair value of the work done, or necessary to be done, in order to place the claimants' lands, or buildings, or both, in the same relation to the changed grade as they stood to the former grade, and make awards accordingly, except that said board or said commissioners may make an allowance for benefits derived by the claimant from such improvement. The amount agreed upon for such damages, or the award therefor together with the costs, if any allowed to the claimant, shall be a charge against such town and the supervisor shall pay the same, if there be sufficient funds in his hands available, and if not, the town board shall borrow money for the payment thereof, or issue certificates of indebtedness therefor."

27

*Alfred E. Smith* for appellant. Chapter 610 of the Laws of 1903 is retroactive. (*Matter of Borup*, 89 App. Div. 184.)

*Isaac N. Mills* and *Henry W. Smith* for respondents. Chapter 610, Laws of 1903, should not be given retroactive effect, but should be construed to permit the recovery of damages only for changes of grade made subsequently to its enactment. (*Town of Hempstead* v. *City of New York*, 52 App. Div. 182; *Fries* v. *N. Y. & H. R. R. R. Co.*, 169 N. Y. 270; *Radcliff* v. *Mayor, etc.*, 4 N. Y. 195; *Hayden* v. *Pierce*, 144 N. Y. 512; *G. S. Bank* v. *Suspension Bridge*, 159 N. Y. 362; *People* v. *McCall*, 94 N. Y. 587; *N. Y. & O. M. R. R.* v. *Van Horn*, 57 N. Y. 476; *People* v. *Supervisor*, 43 N. Y. 130.)

BARTLETT, J. The petitioner herein, Kirstine M. Andersen, applied to the Special Term for the appointment of three commissioners under the Laws of 1903 (Chap. 610), above quoted, to determine the compensation to which she was entitled by reason of change of grade in a public street opposite her premises in the town of Eastchester, Westchester county.

The Special Term found, in substance, that the town of Eastchester is and had been a municipal corporation prior to the month of March, 1901; that Jefferson place, in said town, prior to the month of March, 1901, was and since has been a public highway; that in and about the said month the lawful authorities of the town, in accordance with the provisions of section 69, chapter 686 of the Laws of 1892, caused this avenue, the same being then a public highway, to be repaired, graded and macadamized from curb to curb, and in doing the work raised the surface thereof about four feet, thereby changing the grade in front of petitioner's premises; that the petitioner at the time was the owner of the premises and still owns the plot of land fronting on the avenue and a dwelling house was erected thereon; that this work damaged petitioner's premises; that on the 25th of May, 1903, the petitioner presented to the town board of said town a verified claim for

damages, and thereafter and on or about the first day of June, 1903, the claim was rejected; that more than thirty days elapsed between the date of the presentation of the claim and the commencement of this proceeding; that the claim remained wholly unpaid; that due notice of the presentation of the petition was served upon the supervisor of the town of Eastchester.

The conclusions of law were, in substance, that the work done in front of petitioner's premises was in law a change of grade as contemplated by the act in question, and that the petitioner was entitled to have three commissioners appointed as prayed for.

The law of 1903 refers to grading, etc., done by the authorities of a town in accordance with the provisions of the Laws of 1892, chapter 686, section 69. This is chapter 18 of the General Laws, known as the County Law, and section 69 thereof authorizes a town to borrow money for various purposes, and among others to lay out, widen, grade or macadamize highways of a town.

We have in the case before us the express finding that the work of repairing, grading and macadamizing from curb to curb of the highway in question was done by the lawful authorities of the town in accordance with the said act of 1892.

The learned Appellate Division reversed the order of the Special Term, on the ground that the law of 1903 is not intended by its terms to be retroactive and should not be construed to permit a recovery of damages in the case presented by the petitioner herein.

It is pointed out in the opinion that it is in general true that no statute shall be construed to have a retrospective operation without express words to that effect, either by an enumeration of the cases in which the act is to have such retrospective operation, or by words which can have no meaning unless such construction is adopted. (*People* v. *Supervisors of Columbia County*, 10 Wend. 363.)

There is no doubt concerning these general propositions of

law, and it is also true that it is the settled law of this state that a change of grade in a public highway or street imposes no liability on the part of a town or municipality except as provided by statute. (*Radcliff's Executors* v. *Mayor, etc., of Brooklyn*, 4 N. Y. 195 ; *Talbot* v. *N. Y. & Harlem R. R. Co.*, 151 N. Y. 155, and cases there cited.)

We are, however, unable to agree with the construction placed upon the act of 1903 by the Appellate Division, as in our opinion the statute bears upon its face the expressed intention of the legislature to make it retroactive. It reads : " In any town in which a highway *has been or hereafter shall be repaired,* graded and macadamized from curb to curb by the authorities of the town in accordance with the provisions of section sixty-nine of chapter six hundred and eighty-six of the laws of eighteen hundred and ninety-two, the owner or owners of the land adjacent to the said highway shall be entitled to recover from the town the damage resulting from any change of grade." The remainder of this section provides the mode of procedure thereunder and is immaterial in determining this question of retroactive effect.

It is difficult to conceive of language more plainly indicating the intention of the legislature to render a statute retroactive than is here employed.

The learned counsel for the respondent makes the point that the statute of 1903 is unconstitutional in two respects, viz. : in that it undertakes to make a gratuity of the moneys of the town ; and, second, it takes the funds of the town without due process of law, and for other than town purposes.

There is nothing to advise us that these constitutional questions were raised either at the Special Term or in the Appellate Division. It is well settled that unless the constitutional question is raised in the court of first instance, it will not be considered here. (*Dodge* v. *Cornelius*, 168 N. Y. 242, and cases there cited.)

It was stated on the argument that the act of 1903 is ill-advised legislation and calculated to open the door to many claims that may have arisen throughout the state since the

enactment of the County Law in 1892. This suggestion should be addressed to the legislature and not to the court.

The order of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs to the petitioner in all the courts.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur.

Order reversed, etc. _____