In re BORUP.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

APPEAL—EFFECT· OF REVERSAL.

    A judgment merely reversing an order appointing commissioners to assess damages for change of grade of a street, on the ground that before such an order could be made the issues raised by the answer must be tried, though not in terms directing a trial of such issues, authorizes it.

Appeal from Special Term, Westchester County.

Application by John Borup for appointment of commissioners to assess damages to his property resulting from a change of grade of Jefferson Place, in the town Eastchester. From an order granting the petition, said town and Henry C. Merritt, supervisor thereof, appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Isaac N. Mills, for appellants.
Alfred E. Smith, for respondent.

WILLARD BARTLETT, J. This is the second appeal in this matter. On the previous appeal we reversed an order appointing commissioners, upon the ground that before such an order could be made the issues raised by the amended answer of the town of Eastchester must be tried and determined. Matter of Borup, 89 App. Div. 183, 85 N. Y. Supp. 828. Such issues have now been adjudicated, and the appellants attack the order made upon the determination thereof as based upon unconstitutional legislation, and invalid in other respects.

We think that the constitutional objections are sufficiently answered in the opinion written by Mr. Justice Herrick at Special Term upon

the making of the original order in this matter. The appellants make the point that, inasmuch as in reversing that order this court did not in terms direct a new trial or hearing, the proceeding was absolutely terminated by the reversal, and the petitioner was not at liberty to proceed further. Such is not a correct construction of the effect of our determination. We did not direct a dismissal of. the proceeding, but merely reversed the final order. This action left the proceeding still pending upon the issues joined by the answer, and it was entirely proper for the court below to proceed and decide those issues, as has now been done.

The point that there was neither proof nor finding that prior to the making of the alleged change of grade in March, 1901, there was any established grade of the highway known as Jefferson Place, was made by the appellants here upon like evidence in the Matter of Andersen, 178 N. Y. 416, 70 N. E. 921. So, also, was the point that there was neither proof nor finding that Jefferson Place prior to March, 1901, had any curbs or curb lines established. The evidence on these points in the Matter of Andersen, supra, was substantially the same as it is in this proceeding, and the Court of Appeals nevertheless determined in that case that the order of the Special Term appointing commissioners should be affirmed  This seems  to be a conclusive adjudication upon these two questions. That decision by the Court of Appeals also necessarily involved a determination adverse to the appellants upon the proposition which they now advance, that chapter 610, p. 1396, of the Laws of 1903, was not applicable to Jefferson Place, because that street, including the plaintiff's lands and the adjacent territory, is within the corporate limits of the village of Tuckahoe.

We think a correct conclusion was reached at the Special Term upon all the points presented by this appeal, and that the order appointing commissioners should therefore be affirmed.

Order affirmed, with $10 costs and disbursements. All concur; HOOKER, J., not voting.