In the Matter of the Petition of JOHN BORUP, Respondent, for the Appointment of Commissioners to Assess Damages to his Property, Resulting from a Change of Grade of Jefferson Place, in the Town of Eastchester, New York.

TOWN OF EASTCHESTER and HENRY C. MERRITT, as Supervisor of Said Town, Appellants.

*Change of grade in highways — the provisions of chapter 610 of the Laws of 1903 for compensation to abutting owners are not unconstitutional — the mode of ascertaining damages is proper — the act applies to highways within the corporate limits of a village.*

Chapter 610 of the Laws of 1903, authorizing the owners of property abutting upon a town highway to recover from the town damages resulting from a change in the grade of such highway, does not violate section 10 of article 8 of the State Constitution, which provides that "no county, city, town or village shall hereafter give any money or property, or loan its money or credit to or in aid of any individual, association or corporation, * * * nor shall any such county, city, town or village be allowed to incur any indebtedness except for county, city, town or village purposes," nor is such act unconstitutional because of the manner in which it provides that the damages shall be ascertained.

The provisions of that act requiring the commissioners to "consider the fair value of the work done, or necessary to be done, in order to place the claimants' lands or buildings or both in the same relation to the changed grade as they stood to the former grade," does not require the commissioners to make an award equal to the value of such work done or to be done, but merely to consider such value as one of the elements of damages, but not as the measure of the damage sustained.

The act of 1903 is applicable to a case where the highway, the grade of which is changed, and the property abutting thereon are within the corporate limits of a village.

APPEAL by the Town of Eastchester and another from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 12th day of November, 1904, appointing commissioners to assess damages to the property of John Borup, resulting from a change of grade of Jefferson place, in the town of Eastchester, N. Y.

*Isaac N. Mills,* for the appellants.

*Alfred E. Smith,* for the respondent.

WILLARD BARTLETT, J.:

This is the second appeal in this matter. On the previous appeal we reversed an order appointing commissioners, upon the ground that before such an order could be made the issues raised by the amended answer of the town of Eastchester must be tried and determined. (*Matter of Borup,* 89 App. Div. 183.) Such issues have now been adjudicated, and the appellants attack the order made upon the determination thereof as based upon unconstitutional legislation and invalid in other respects.

We think that the constitutional objections are sufficiently answered in the opinion written by Mr. Justice HERRICK at Special Term upon the making of the original order in this matter.*

* The following is the opinion of Mr. Justice HERRICK, delivered at Special Term:

HERRICK, J.:

This is an application for the appointment of commissioners, under chapter 610 of the Laws of 1903 (adding to Highway Law [Laws of 1890, chap. 568], § 11a), to assess the damages suffered by the petitioner by an alleged change of grade in the highway passing his premises.

The act provides that "in any town in which a highway has been or hereafter shall be repaired, graded and macadamized from curb to curb by the authorities of the town, in accordance with the provisions of section sixty-nine of chapter six hundred and eighty-six of the laws of eighteen hundred and ninety-two, the owner or owners of the land adjacent to the said highway shall be entitled to recover from the town the damage resulting from any change of grade."

The act then provides for the presentation to the town board of a verified claim, and if the owner shall not agree upon the amount of damages to be allowed, that then the person presenting such claim may apply to the Supreme Court for the appointment of three commissioners to determine the compensation to which he is entitled ; and that all proceedings subsequent to the appointment of commissioners shall be taken in accordance with the provisions of the Condemnation Law,† so far as applicable.

In this case it appears that the change in the grade complained of was made sometime prior to the passage of the act in question.

The act is challenged as being unconstitutional, as being in violation of section 10 of article 8 of the Constitution of the State, which provides that "no county, city, town or village shall hereafter give any money or property, or loan its money or credit to or in aid of any individual, association or corporation, or become directly or indirectly the owner of stock in, or bonds of, any association or corporation; nor shall any such county, city, town or village be allowed to incur any indebtedness except for county, city, town or village purposes."

† Code Civ. Proc. chap. 23, tit. 1.— [REP.

The appellants make the point that inasmuch as in reversing that order this court did not in terms direct a new trial or hearing, the proceeding was absolutely terminated by the reversal and the petitioner was not at liberty to proceed further. Such is not a correct construction of the effect of our determination. We did not direct a dismissal of the proceeding, but merely reversed the final order. This action left the proceeding still pending upon the issues joined by the answer, and it was entirely proper for the court below to proceed and decide those issues, as has now been done.

The point that there was neither proof nor finding that prior to the making of the alleged change of grade in March, 1901, there

It is also challenged as unconstitutional, because of the manner in which the act provides that the damages shall be ascertained, it being contended that such damages should be assessed by a jury, and not by commissioners appointed by the court, and that, therefore, the manner of establishing the liability of the town is not due process of law. And again, that the provision for ascertaining the amount of the damages constitutes a taking of the money of the town without due process of law; that the effect of the provision is to make it imperative upon the commissioners to award damages for the work done, or necessary to be done, in order to place the claimant's land or buildings, or both, in the same relation to the changed grade as they stood before such change in the grade was made, and, therefore, may compel the town to pay far more than the amount of damage which has actually been suffered from the change of grade.

I think it will not be disputed but that the establishing of public streets and highways, with the attending grading and paving, is for the benefit of the city, town or village in which they are laid out. Any indebtedness incurred or moneys expended for the necessary and proper charges and expenses of such work is an indebtedness and expense incurred for a city, town or village purpose. The expense of the taking of any land for the purpose of establishing a highway is a legitimate municipal expense.

The damage caused by establishing a new, or changing an existing grade, is one of the necessary incidents of laying out and establishing a street or highway.

It has long been held that, except where permitted by statute, no recovery could be had by the owner of land for the damages inflicted upon him by a change of grade of a street or highway passing his premises. The justice of the claim, however, has been recognized in various city and village charters.

It will be observed in this case that the act does not give, in the language of the Constitution, "any money or property, or loan its money or credit to or in aid of any individual." It merely provides a remedy whereby a person may recover compensation, if he has in fact been damaged; it is an act merely providing a remedy for wrongs, for which prior thereto there was no redress.

If in fact there has been no injury by a change of grade, then no indebtedness or obligation will be incurred by the municipality making such change; if there

was any established grade of the highway known as Jefferson place, was made by the appellants here upon like evidence in *Matter of Andersen* (178 N. Y. 416); so, also, was the point that there was neither proof nor finding that Jefferson place prior to March, 1901, had any curbs or curblines established. The evidence on these points in *Matter of Andersen* (*supra*) was substantially the same as it is in this proceeding, and the Court of Appeals nevertheless determined in that case that the order of the Special Term appointing commissioners should be affirmed. This seems to be a conclusive adjudication upon these two questions. That decision by the Court of Appeals also necessarily involved a deter-

has been, then there is a moral and equitable obligation that compensation should be made for such damages, and there is nothing in the Constitution to prohibit the Legislature providing a remedy for the ascertainment of the amount of such damage, and providing a means of payment. This case does not fall within the principle of the cases of *People ex rel. Waddy* v. *Partridge* (172 N. Y. 305); *Matter of Mahon* v. *Board of Education* (171 id. 263); *Bush* v. *Board of Supervisors* (159 id. 212), in which it was held that there were neither legal, moral nor equitable obligations involved.

Compensation for injury done or damage inflicted by the public authorities in carrying on a public work is not a gift, gratuity or loan within the meaning of the Constitution.

The objection to the statute that it provides an unconstitutional method of ascertaining the amount of damage is not tenable. That interpretation of a statute which renders it unconstitutional is not to be given if it is susceptible of any other. The statute here provides that the town board or the commissioners shall, " in determining the compensation, *consider* the fair value of the work done, or necessary to be done, in order to place the claimants' lands or buildings, or both, in the same relation to the changed grade as they stood to the former grade, and make awards accordingly, except that said board or said commissioners may make an allowance for benefits derived by the claimant from such improvement." That does not make it necessary for the commissioners to award an amount of damages equal to the value of the work done, or necessary to be done, in order to place the claimant's land or buildings, or both, in the same relation to the changed grade as they stood to the former grade; they are merely to consider such fair value as one of the elements of damage suffered, and not take such value as the measure of the damage sustained. It does not prescribe by any arbitrary rule the amount of the damages to be awarded; it simply provides that, in ascertaining the damages suffered, the commissioners shall consider the value, etc.; what weight and effect such commissioners will give to such value, after such consideration, is left for them to determine. The other objections to the constitutionality of the statute seem to be disposed of by *Matter of Comesky* (83 App. Div. 137).

Motion for the appointment of commissioners granted.

mination adverse to the appellants upon the proposition which they now advance, that chapter 610 of the Laws of 1903 * was not applicable to Jefferson place because that street, including the plaintiff's lands and the adjacent territory, is within the corporate limits of the village of Tuckahoe.

We think a correct conclusion was reached at the Special Term upon all the points presented by this appeal, and that the order appointing commissioners should, therefore, be affirmed.

HIRSCHBERG, P. J., WOODWARD and JENKS, JJ., concurred; HOOKER, J., not voting.

Order affirmed, with ten dollars costs and disbursements.

---

* Adding to Highway Law (Laws of 1890, chap. 568), § 11a.— [REP.