---

In re IVES.

IVES v. TOWN OF RIDGEWAY.

(Supreme Court, Appellate Division, Fourth Department. March 5, 1913.)

1. APPEAL AND ERROR (§ 671*)—RECORD—SUFFICIENCY.

In a property owner's application for damages from street improvements, the merits of an appeal by the town from a final order based on evidence taken before the appraisal commissioners could not be considered, where the record did not contain the evidence or include a case, or a case and exceptions, and the printed papers contained no exception taken by appellant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. § 671.*]

2. EMINENT DOMAIN (§ 226*)—STREET IMPROVEMENT—DAMAGES TO ADJOINING PROPERTY—APPOINTMENT OF APPRAISERS—PETITION.

Where a property owner's petition stated facts sufficient to entitle him to the appointment of commissioners under Highway Law (Consol. Laws 1909, c. 25) § 59, to appraise damages to his property from the grading and macadamizing of a road, and the town failed to materially controvert the petition, the court properly appointed commissioners, though the town objected preliminarily that the claimant was not entitled to damages or to a commission under the facts.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 580, 586; Dec. Dig. § 226.*]

3. EMINENT DOMAIN (§ 226*)—APPLICATION FOR COMMISSIONERS—STREET IMPROVEMENT—DAMAGES TO PROPERTY—"FROM CURB TO CURB."

Where a property owner's petition under Highway Law (Consol. Laws 1909, c. 25) § 59, authorizing the appointment of a commission to appraise damages to property when a town highway shall be graded and macadamized from curb to curb, alleged that the town had "excavated

said highway a depth of many feet the entire width of the traveled part of the same in front of deponent's premises," but was not curbed there, it was not open to the objection that it showed the highway to have no curb, and hence it could not be graded and macadamized "from curb to curb"; the phrase quoted meaning, as used in the statute, the used or traveled part of the highway.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 580, 586; Dec. Dig. § 226.*]

4. STATUTES (§ 188*)—CONSTRUCTION.

In interpreting a statute, the language is to be given its ordinarily accepted meaning to effectuate the legislative intent.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 266, 267, 276; Dec. Dig. § 188.*]

Appeal from Special Term, Erie County.

Petition by William J. Ives against the Town of Ridgeway for the appointment of commissioners to appraise damages for the grading and macadamizing of a gravel road. From the final order confirming the commissioners' report, with notice that the order appointing commissioners and that refusing to resettle the order of appointment would also be brought up, the Town appeals. Appeal dismissed.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Irving L'Hommedieu, of Medina, for appellant.

LeRoy J. Skinner, of Medina (Ryan & Skinner, of Medina), for respondent.

ROBSON, J. This proceeding was begun by the claimant, the respondent William J. Ives, to recover of the town of Ridgeway, pursuant to the provisions of section 59 of the Highway Law (Consol. Laws 1909, c. 25), damages which he alleged he had sustained as the owner of lands adjacent to a public highway of said town by reason of the grading and macadamizing of such highway by the authorities of that town.

[1] The record on appeal does not include a case, nor a case and exceptions, and none seems to have been made. The printed papers on appeal contain no exception taken in behalf of appellant. The final order appears also to have been made and based, among other things, upon the evidence taken before the appraisal commissioners; and yet none of this evidence appears in the record. We cannot therefore consider the merits of the appeal from the final order.

[2] The validity of the order, or interlocutory judgment, appointing commissioners is also assailed on this appeal; notice of an intention to bring it up for review having been given in the notice of appeal from the final order. Section 59 of the Highway Law provides that:

"All proceedings subsequent to the appointment of commissioners shall be taken in accordance with the provisions of the condemnation law, so far as applicable."

It is apparent, therefore, that the procedure on appeal thereafter should conform to and be governed by the condemnation law in that regard, which provides a complete method of taking an appeal in such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

case.   Section 3375 of the Code of Civ. Proc. prescribes the procedure on appeal from a final order, and provides that:

The interlocutory judgment by which commissioners have been appointed may be reviewed on an appeal from the final order, "if the appellant states in his notice that the same will be brought up for review and exceptions shall have been filed to the decision of the court or referee, and a case or a case and exceptions, shall have been made, settled and allowed, as required by the provisions of this act for the review of the trial of actions in the Supreme Court without a jury."

As has been said, neither a case, nor a case and exceptions, nor even an exception, is in the record.   It may be doubted, therefore, if appellant is in any position to obtain a review of the interlocutory judgment or order appointing commissioners.   It is true this judgment recites that the counsel for the town objected preliminarily "that the claimant is not entitled to damages or to a commission to appraise the same under the facts in this case," but the form of the objection or the facts upon which such objection was based do not appear except by inference from the statement above quoted.   However, even if no preliminary objection had been made by the town, the court would have been required to determine the sufficiency of the petition as a presentation of the material facts necessary to entitle petitioner to the appointment of commissioners.   Matter of Borup, 89 App. Div. 183, 85 N. Y. Supp. 828.   If the preliminary objection was pointed only to the sufficiency of the facts stated in the petition, it was unavailing for the reason that the petition seems to contain a statement of all the facts, which, taken as true, presumptively entitled the petitioner to the appointment of commissioners under the provisions of section 59.   Though the town might have controverted by answer any of the statements of material facts appearing in the petition, no answer was filed by it.   There was, however, without objection by petitioner, read in its behalf on the hearing an affidavit made by its superintendent of highways.   Even if this affidavit be regarded as pro tanto an answer in behalf of the town which would raise an issue of fact so far as it controverts the material statements of the petition, yet it does not seem to present such an issue. It may be conceded that, if a material issue of fact was thereby presented, such issue should be first determined by the court; and it would be error to appoint commissioners and direct the determination by them of such issue.   Matter of Caffrey, 52 App. Div. 264, 65 N. Y. Supp. 470;   Comesky v. Village of Suffern, 179 N. Y. 393, 72 N. E. 320;   Matter of Borup, supra.   The statute (section 59), so far as material to this branch of our inquiry, provides as follows:

"In any town in which a town highway shall be repaired, graded and macadamized from curb to curb by the authorities of the town the owner or owners of the land adjacent to the said highway shall be entitled to recover from the town the damages resulting from any change of grade.   A person claiming damages from such change of grade must present to the town board of such town a verified claim therefor within sixty days after such change of grade is effected."

Claimant states in his petition, among other things:

"That the said town of Ridgeway, acting through its town superintendent of highways, commenced the grading, repairing, and macadamizing of the public highway in front of deponent's (petitioner's) premises about July 1,

1910, and excavated said highway a depth of many feet the entire width of the traveled part of the same in front of deponent's premises, and completed the grading and macadamizing of the same on or about May 10, 1911."

It also alleges service of a copy of his claim for damages upon the supervisor of the town within 60 days after the completion of the grading and macadamizing. The only statements in the affidavit of the town superintendent, which tend to controvert any of the allegations of the petition, are that the appropriation made by the town for regrading the highway in question was all expended and the work discontinued as early as August 10, 1910; and that the highway is not, and has not been, curbed. But it is therein stated that in May, 1911, he did, at the direction of the town board, place a top dressing of crushed stone or macadam in the roadway in front of claimant's premises, but that the same "did not reach from curb to curb; nor has there ever been any curb in the highway at such point." This statement not only does not tend to contradict petitioner's allegation that the town authorities completed the grading and macadamizing of the highway on or about May 10, 1911, but seems to tend to confirm it. If the grading and macadamizing of the highway was not completed until May 10, 1911, no suggestion is made that the notice of claim was not timely presented.

[3] It is, however, urged that, because it appears that the highway has no curb, it could not be graded and macadamized as the statute phrases it "from curb to curb."

[4] But in interpreting a statute its words and phrases are to be given their ordinarily accepted meaning for the purpose of effectuating the intent of the statute. It is well known that almost all country highways and many streets in rural towns and villages are not in fact curbed. That is, they do not have "a line of joined stones set upright at the outer edge of a walk or at one of the edges of a street or road forming the inner side of a gutter; a row of curbstones." But in the usual acceptation of the meaning of the language used it would ordinarily be understood as the equivalent of the expression of the width of the used or traveled part of the highway. If this is what the statute means, then the allegation in the petition meets its requirements, and the highway was for the purpose of this proceeding alleged to have been graded and macadamized from curb to curb.

It follows that the appeal should be dismissed, and as it was brought up upon the papers required on, and has been at all times treated and argued as an appeal from an order, with $10 costs and disbursements. All concur.