In the Matter of GEORGE GROSS et al., Appellants, against JOSEPH D. McGold-RICK, as State Rent Administrator, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the State Rent Administrator denying petitioners' application for a certificate of eviction. Petitioners appeal from an order dismissing the proceeding. Order reversed on the law, and determination of the State Rent Administrator annulled and certificate of eviction directed to be issued. In view of the finding by the State Rent Administrator of an immediate and compelling necessity on the part of the landlords for possession of the "subject apartment" for a resident janitor, the refusal to issue a certificate of eviction was arbitrary. (*Matter of Purvis & Clauss Realty Corp.* v. *McGoldrick*, 283 App. Div. 720; *Matter of Sudair Realty Corp.* v. *McGoldrick, post*, p. 1112; cf. *Matter of Rosenbluth* v. *Finkelstein*, 300 N. Y. 402, 405.) Nolan, P. J., Wenzel, MacCrate and Schmidt, JJ., concur. Murphy, J., dissents and votes to affirm the order dismissing the proceeding. The landlords, without making any effort to obtain a superintendent who would use one of the vacancies on the third and ground floors, persisted in seeking for purported superintendent use, the apartment of a troublesome tenant. The tenant by advertising procured applicants for the superintendent's job, who would have taken one of the other vacant apartments. It was well within the province of the administrator to find lack of good faith and the court may not disturb that finding where, as here, it has a rational basis.

■

In the Matter of SIDNEY F. KRUGER et al., Respondents. TOWN OF HEMP-STEAD, Appellant.— In an application pursuant to section 197 of the Highway Law the Town of Hempstead appeals from an order appointing three commissioners to determine the compensation due to respondents, property owners abutting Ibsen Street in said town, by reason of a change of grade made in said street by the town in 1952. Order affirmed, with $10 costs and disbursements. No opinion. Adel, Acting P. J., Wenzel, Schmidt and Murphy, JJ., concur. Beldock, J., dissents and votes to reverse the order and to remit the matter to Special Term to take proof (1) whether the original grade of Ibsen Street had become established by usage, acquiescence and recognition, and (2) whether the work done by the town in 1952 was a change of grade or a mere improvement, with the following memorandum: The grade of a town highway may be established by usage. (*Folmsbee* v. *City of Amsterdam*, 142 N. Y. 118.) A change of grade may result where there is a change from the natural grade of a road. However, a mere improvement in the street, which incidentally results in making a road higher than it was formerly, does not necessarily result in a change of grade. (*Stenson* v. *City of Mount Vernon*, 104 App. Div. 17.) Whether or not there was a change of grade from a grade previously established by usage, acquiescence and recognition, or whether there was a mere improvement was a question of fact which required determination before the court may appoint commissioners. (*Matter of Borup*, 89 App. Div. 183; *Comesky* v. *Village of Suffern*, 179 N. Y. 393.) Since the determination of this question of fact is a jurisdictional question, and since the order affects a substantial right made in a special proceeding pursuant to a special statutory provision, the order appointing commissioners is appealable. (Civ. Prac. Act, § 631, subd. 2; *Matter of City of Rochester* [*Neun*], 102 App. Div. 99; *Matter of City of Buffalo*, 64 N. Y. 547; *Hooker* v. *City of Rochester*, 57 App. Div. 530.)