In the Matter of GEORGE GROSS et al., Respondents, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant.

Argued November 15, 1954; decided December 31, 1954.

*Beatrice Shainswit* and *Walter S. Fried* for appellant.

*Kermit Gitenstein* for respondents.

Order affirmed, with costs.

Concur: LEWIS, Ch. J., DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ. CONWAY, J., dissents in the following opinion:

CONWAY, J. (dissenting). Petitioners, landlords of a twenty-family multiple dwelling, applied to the local rent administrator, borough of Brooklyn, for a certificate authorizing the eviction of one Fannie Garfinkel, hereinafter referred to as tenant, so that they might use her apartment for a resident superintendent. The tenant challenged petitioners' good faith in making the application.

On the hearing it appeared that at least one vacancy occurred during the period between the posting of a violation against the landlords for failure to have a resident superintendent (Multiple Dwelling Law, § 83) and the filing of the application for the certificate of eviction, and one occurred *two days after the landlords filed the instant application for the certificate.* Both vacancies were filled without offering them to the tenant. It further appeared that the tenant had been involved in a controversy with the landlords regarding the rendition of services, a controversy which had culminated in court proceedings.

The local rent administrator denied the application and his decision was upheld by the State Rent Administrator who found:

" Based upon all the evidence in the record * * * the Administrator finds that the landlord has established the existence of an immediate and compelling necessity for possession of the subject apartment in view of the fact that he is required by law to provide a resident janitor for the subject premises.

" The Administrator further finds, however, that the landlord has failed to establish his good faith in this matter. It is clear from the record that two apartments in the subject premises were vacant during the summer of 1953 after the landlord had received the notice of violation and had been fined for failure to remedy same; that no offer of exchange of apartments was made to this tenant by the landlord; that the landlord has failed to substantiate by any persuasive and convincing evidence, his claim that neither of the vacant apartments was suitable for use by a resident janitor."

Special Term upheld that determination and I think it manifest that the landlords' failure to utilize available vacancies occurring after the posting of the violation, particularly the failure to utilize the vacancy occurring after the filing of the application herein, taken together with the evidence of bad feeling between the landlords and the tenant, justified the administrator's finding of bad faith.

The Appellate Division reversed, on the law. It did not question the administrator's finding that the landlords were acting in bad faith, but, held that, as a matter of law, the administrator was powerless to refuse the certificate of eviction in view of the finding of the administrator of immediate and compelling necessity, quoted *supra.*

In my judgment that was an erroneous conclusion of law.

No provision of the State Residential Rent Law (L. 1946, ch. 274, as amd.) authorizes eviction of a tenant without a certificate in a case such as this so that, under the blanket provisions of the statute (§ 5, subd. 2), landlords were required to show good faith as well as immediate and compelling necessity. It is true that the Multiple Dwelling Law requires a resident superintendent whenever there are thirteen or more families occupying a multiple dwelling and, to comply with that statute, it may be necessary for the landlord to evict a tenant whose accommodations are under the jurisdiction of the Rent Commission. However, I fail to see why, in making the decision as to which tenant to evict, the landlord should not be required to show good faith or that a requirement of such a showing will tend to frustrate the efforts of the Department of Housing and Buildings to enforce the Multiple Dwelling Law. In a multiple dwelling where there are at least thirteen families housed, it would seem that there would be more than one apartment suitable for the resident superintendent. Landlords-petitioners had two vacancies which they apparently could have used, both of them on the ground floor, for the Rent Administrator found that the " landlord has failed to substantiate, by any persuasive and convincing evidence, his claim that neither of the vacant apartments was suitable for use by a resident janitor." In fact, one of the petitioners-landlords had resided in one of these two ground-floor apartments previously and acted as superintendent. In my opinion the landlords should be required to make use of one of those apartments rather than being permitted to use the Multiple Dwelling Law as a means of retaliation against the tenant — one of those for whose benefit the State Residential Rent Law was enacted.

The order of the Appellate Division should be reversed, and that of Special Term affirmed.

Order affirmed.