■ In the Matter of SIDNEY F. KRUGER et al., Appellants-Respondents. TOWN OF HEMPSTEAD, Respondent-Appellant.— In a proceeding pursuant to section 197 of the Highway Law to recover damages resulting from a change of grade of a town highway in the town of Hempstead, the cross appeals

are from respective portions of an order dated August 15, 1955, which, on reargument, granted in part and denied in part (1) the motion of the claimants to confirm the report of the commissioners and for other incidental relief, and (2) the cross motion of the town to set aside the report. The town's notice of appeal states that it will bring up for review "the judgment herein and proceedings antecedent thereto", which we regard as pertaining to an order entered February 24, 1954 appointing the commissioners. Appeal from order dated February 24, 1954 dismissed, without costs. That order was reviewed on a prior appeal (*Matter of Kruger* [*Town of Hempstead*], 283 App. Div. 1110; Civ. Prac. Act, § 580). Order dated August 15, 1955 modified on the law and the facts by striking from the first ordering paragraph the following: "except as to items '8' and '9' of the report of the commissioners, and that as to those items, the said motion be, and the same is hereby denied", and "and that said cross-motion be, and the same hereby is granted insofar as it seeks to have set aside only so much of the said report of the commissioners as makes awards to the claimants under items '8' and '9'", by striking from the second ordering paragraph the provision beginning with the word "except" and ending with the word "aside", by striking from the third ordering paragraph "$1,484.00" in the two places in which it appears therein, and by substituting therefor in each place "$1,993.25", by striking from the fifth ordering paragraph "$74.20" and "$138.30", and by substituting, therefor, respectively, "$99.66" and "$163.76". As so modified order, insofar as appealed from, unanimously affirmed, with costs. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. Section 197 of the Highway Law in broad terms expressly entitles claimants "to recover from the town the damages resulting from" a change of grade. The subsequent direction in the section to the commissioners that they shall "consider" the value of work done "in order to place the claimant's lands * * * in the same relation to the changed grade as they stood to the former grade" is not a limitation of the said broad terms. On the contrary, the direction seems to be a precautionary expression that inclusion of that facet of damage would not in and of itself be incorrect. It is not disputed that the allowance for raising the level of the land, by fill, was correct, and we believe that to have been an allowable item of damage. The lawn and the walks (items "8" and "9") were part of the land. Since it is patent that the only practical way to raise those component parts of the land was to restore or replace them after completion of the filling operation, it was not improper for the commissioners to include an allowance therefor. The commissioners' report contains a finding that the total amount determined by them as the damages is not greater than the diminution in market value of the claimants' land resulting from the change in grade. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.