■ In the Matter of DOROTHY FOSTER, Appellant, v DANIEL M. JOY, as Commissioner of the Office of Rent and Housing Maintenance of the New York City Department of Housing Preservation and Development, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, Commissioner of the Office of Rent and Housing Maintenance, dated February 3, 1981, which, inter alia, affirmed an order of the District Rent Director of the Brooklyn District Rent Office granting a certificate of eviction, petitioner appeals from a judgment of the Supreme Court, Kings County (Pino, J.), entered September 10, 1981, which dismissed the proceed-

ing. Judgment affirmed, without costs or disbursements. The landlord of the multiple dwelling in which petitioner resides applied for a certificate of eviction so as to obtain possession of her six-room apartment for occupancy by a resident superintendent in order to correct a violation of section 83 of the Multiple Dwelling Law. It is incumbent upon the landlord when making such an application to establish good faith and an immediate and compelling necessity to have a resident superintendent (Opinions of State Rent Administrator, No. 4). It is not a prerequisite for the issuance of a certificate of eviction in a proceeding of this kind that municipal authorities have formally charged the landlord with a violation of section 83 of the Multiple Dwelling Law. We have previously held that "[t]he existence of the violation, in and of itself, is compelling necessity for the issuance of a certificate to remove some tenant where no reasonable alternative apartment is available" (*Matter of Merindino v Herman,* 15 AD2d 818, 819; cf. *Matter of Levine v Abrams,* 1 AD2d 213, 219). In the instant case, it has been established that the landlord requires a six-room apartment for the prospective resident superintendent and his family. There are only two six-room apartments in the subject 14-unit multiple dwelling, one of which is occupied by petitioner. Petitioner urges that the landlord could have found some other superintendent who was willing to live in a smaller apartment. However, "neither the purpose nor the effect of the emergency rent laws should be to transfer the management and hiring responsibility from the landlord to the tenant" (*Matter of Levine v Abrams, supra,* p 218). Thus, the record amply establishes an immediate and compelling necessity on the part of the landlord for possession of the subject apartment for a resident superintendent (see *Matter of Gross v McGoldrick,* 283 App Div 1110, affd 308 NY 651). Good faith is established if the landlord is able to show that he seeks eviction with the honest intention and desire to gain possession of the premises for occupancy by a resident superintendent (Opinions of State Rent Administrator, No. 4). Good faith may be negated if the landlord is motivated by a desire to retaliate against the tenant. There is no basis in the record to impeach the landlord's good-faith intent to have the proposed superintendent actually occupy the apartment in question or to indicate a retaliatory motive for eviction. On the record before us, we conclude that respondent's determination is based upon substantial evidence and therefore must not be disturbed (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; cf. *Matter of Levine v Abrams, supra,* p 219). Titone, J. P., O'Connor, Thompson and Bracken, JJ., concur.