## LESTER et al. v. VILLAGE OF BLAISDELL.

(Supreme Court, Special Term, Erie County.   June, 1912.)

1. EMINENT DOMAIN (§ 101*)—SIDEWALKS—CHANGE OF GRADE—DAMAGES.

Where a sidewalk had been maintained by a city at a grade 10 to 12 inches below the level of the center of the street for 17 years, and claimants' adjoining property had been improved with reference to the sidewalk as so located, a raise of the walk from 10 to 14 inches was a change of grade for which claimants were entitled to damages, under Village Law (Consol. Laws 1909, c. 64) § 159, providing that if a change of grade shall injuriously affect any building or land adjacent thereto, or the use thereof, the change of grade, to the extent of the damage resulting, shall be deemed a taking of such adjacent property for public use for which compensation shall be made.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 269, 270;  Dec. Dig. § 101.*]

2. EMINENT DOMAIN (§ 101*)—SIDEWALKS—CHANGE OF GRADE—VACANT PROPERTY.

A change of sidewalk grade in front of a vacant lot, not adjacent to any building, was not a taking of property for which the owner was entitled to damages, under Village Law (Consol. Laws 1909, c. 64) § 159, providing for a recovery of damages in case a change of grade shall injuriously affect any building or land adjacent thereto, or the use thereof.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 269, 270;  Dec. Dig. § 101.*]

3. EMINENT DOMAIN (§ 240*)—SIDEWALKS—CHANGE OF GRADE—CONDEMNATION LAW.

Condemnation Law (Code Civ. Proc. §§ 3367, 3369), providing for a trial of issues by the court or referee, and that if tried by a referee judgment shall be entered on his report, applies to proceedings for damages for change of sidewalk grade only after the appointment of commissioners, in conformity to Village Law (Consol. Laws 1909, c. 64) § 159.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 550;  Dec. Dig. § 240.*]

4. EMINENT DOMAIN (§ 240*)—AUTHORITY. OF REFEREE—SUBMISSION.

Where a proceeding to recover damages to real property by change of sidewalk grade was referred to a referee to hear and decide the same and report to the court with all convenient speed, and the attorneys for all parties treat the proceedings as being before the Special Term for trial, and not before the referee, by moving for a confirmation of the report, which contains no direction for the entry of judgment thereon, the referee's report will be regarded as advisory only, and not one on which judgment should be entered as in the case of reference to hear and determine.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 550;  Dec. Dig. § 240.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the claim of Jessie I. Lester and others against the Village of Blaisdell. On motion to confirm the report of a referee. Denied.

Donnelly, O'Neil & Grass, of Buffalo, for the motion.
Bartholomew & Bartholomew, of Buffalo, opposed.

BROWN, J. The various claims made against the village of Blaisdell are based upon the allegation that the grade of the sidewalk on the south side of Lake avenue has been changed, raising the surface level of such sidewalk in front of claimants' premises about one foot or more, causing damages for the assessment of which claimants ask for the appointment of commissioners. The village answered, denying that such change of grade had been made. The issues presented were referred to hear, decide, and report to the court; the referee reporting that the raising of the sidewalk in front of the Lester property 10 to 14 inches, and the sidewalk in front of the premises of the other three claimants 12 inches, by the village authorities in 1911 was not such a change of grade as to incur any liability on the part of the municipality for the damage occasioned.

[1] It appears from the referee's report that from about 1893 to 1911 the level of the sidewalk in front of claimant's premises was from 10 to 12 inches below the level of the center of the street, and from 12 to 18 inches above the surface of the abutting lots; the sidewalk being constructed of 2-inch plank laid on stringers elevated above the ground by means of posts. With the sidewalk in this elevated condition, the claimants erected their buildings. These sidewalks were thus constructed by the town authorities, and after the territory became part of the village of Blaisdell were maintained by the municipality. It would seem that the erection of these sidewalks and maintaining them at a grade 10 to 12 inches below the level of the center of the street for 17 years would, as a matter of law, create and establish a grade for the street, at least for that part thereof occupied by the sidewalk. It is conceded by the village authorities that in 1911 the center of the street was raised about 2 inches in front of claimants' premises; while it is claimed by the claimants that the raise was about 6 inches. At all events, it clearly appears that the sidewalk in front of claimant's premises was raised in 1911 by the village authorities to a grade of 3 or more inches above the center of the street. While the change of the grade in the center of the street was very slight, it is seen that the sidewalks were raised upwards of 1 foot above the level at which they had been maintained for upwards of 17 years. So far as the change of grade is essential for the appointment of commissioners to appraise claimant's damages under the statute, it must be held that the act of the village authorities in 1911 in raising the street center and sidewalks was a change of grade, within the statute.

Section 159 of the Village Law (Consol. Laws 1909, c. 64) provides:

"If such change of grade shall injuriously affect any building or land adjacent thereto, or the use thereof, the change of grade, to the extent of the damage resulting therefrom, shall be deemed the taking of such adjacent property for a public use"

—and compensation shall be made therefor.

[2] The claimant Toomey bases his claim for damages upon the fact that the change of grade has been made in the street in front of his vacant lot. There is no building upon his premises to be affected by such change of grade. His land is not adjacent to any building owned by him. The use of no building or land adjacent thereto belonging to him is affected by such change of grade. The statute affords no remedy for the claimant Toomey, and his petition and claim must be dismissed.

The fact that the claimants erected their buildings with reference to the center of the street would indicate that the change of grade of 2 or more inches in the center of the street, and of from 10 to 14 inches at the sidewalk, had not as injuriously affected their properties as would have been the case, had their buildings been erected with reference to the sidewalk, yet the extent of the injury goes to the amount of the damage to be recovered. If the change of the grade is an injury, if it injuriously affects the buildings and property of the claimants, they are entitled to a commission.

The conclusion is reached that the motion to confirm the report of the referee must be denied.

[3] The order of reference provides that the issues raised by the petition and answers "be and they are hereby referred to Philip A. Laing, as referee, to hear and decide the same and report thereon to the court with all convenient speed." If this was a reference to hear, try, and determine, no application to the Special Term for the confirmation of the report of the referee would be necessary. The condemnation law (sections 3367 and 3369 of the Code of Civil Procedure) provides for a trial of such issues by the court or a referee, and, if tried before a referee, judgment shall be entered upon his report. But such condemnation law has no application to these proceedings; it is only after the appointment of commissioners that the practice provided in the condemnation law must be followed. Section 159, Village Law.

[4] The fact that the order of reference directs the referee to report thereon with all convenient speed, and that the attorneys for all parties have treated the proceedings as being before the Special Term for trial, the attorneys for the village moving for a confirmation of the referee's report, the only practical method of disposing of the application seems to be to treat the proceedings as being before the court for a trial before it upon the testimony taken and report made by the referee. The parties and their attorneys have not treated the proceeding as having been a trial before the referee; the referee has not directed any judgment to be entered upon his report. Such direction was originally included therein, but has been erased, presumably with the consent of the referee, and be-

fore the delivery. of the report. The proceedings will be disposed of upon the theory that the order of reference was made for the purpose of relieving the court from the necessity of taking the voluminous testimony, and for the convenience of counsel and witnesses, and that the report of the referee is not a report as in an action to hear, try, and determine, but as advisory to the court upon the trial.

It appearing that the village of Blaisdell has exclusive control and jurisdiction of Lake avenue, that its grade has been changed, that such change of grade injuriously affected the premises of Jessie I. Lester, William Brown and Magdalina Brown, and William J. Eighene, that their several claims for such injury and damages have been properly filed and presented to the village authorities, and have been rejected, these claimants are entitled to an order or judgment appointing commissioners to appraise their damages.

Let findings be prepared.