ceeded to kill the remaining heifer. The door was closed to keep the heifer from escaping and also probably to lessen the chance of detection. They made use of the closed door in committing and in protecting themselves while committing the larceny. Their act in thus closing the door was an illegal act, and does not enable them to violate the clear letter and spirit of the burglary statute. When the heifer was killed, they found themselves confined to the barn unable to take away the stolen property or to gain their own liberty without breaking the building. If they had opened another door and escaped by it, their liability would not seriously be questioned. It is immaterial by what door they escaped so long as they and the stolen property were imprisoned in the barn and it was necessary for them to remain in or break out. The same result would follow if the door had remained open while they were killing the heifer and the wind had caused it to close. They could not get out without breaking the building. The owner of a house purposely leaves the front door open; a sneak thief enters it, closes the door so as to avoid detection from the outside, steals an overcoat, raises a back window, and jumps out. He is clearly within the intent and spirit of the burglary statute. It is immaterial whether he jumps out of the back window or returns and opens the door which he had closed to hide his acts. I favor an affirmance.

WOODWARD, J., concurs.

———————

(165 App. Div. 755)

STAUB et al. v. VILLAGE OF MAMARONECK.

(Supreme Court, Appellate Division, Second Department. January 29, 1915.)

MUNICIPAL CORPORATIONS (§ 385*)—CHANGE OF GRADE OF STREET—COMPENSATION—VACANT PROPERTY.

   Village Law (Consol. Laws, c. 64) § 159, providing for recovery of damages in case the change of grade of a street will injuriously affect any building or land adjacent thereto, or the use thereof, gives a right to compensation for damages to a vacant lot caused by change of grade of the street in front of it.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 925–928; Dec. Dig. § 385.*]

Appeal from Special Term, County of Westchester.

Proceedings by Argangela Staub and another against the Village of Mamaroneck, for ascertainment of damages for change of grade of a street. From an order appointing commissioners to determine compensation, the Village appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

William J. Fallon, of White Plains, for appellant.

J. Addison Young, of New York City (Wm. S. Beers, of New Rochelle, on the brief), for respondents.

STAPLETON, J. The defendant is a village. Its authorities changed the grade of a street. The respondents, the owners of a vacant lot adjacent to the street, claimed damages from such change of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

grade, alleging the change injuriously affected their land. They presented their verified claim to the board of trustees of the village. The board having failed to agree with them as to the amount of damages within the statutory time, they applied to the Supreme Court for the appointment of three commissioners to determine the compensation to which they are entitled. The court, by its order, appointed the commissioners, and from that order the appeal is taken.

The statute under which the petitioners moved is subdivision 1, § 159, of the Village Law (chapter 64, Laws of 1909, constituting chapter 64 of the Consolidated Laws). The pertinent part of subdivision 1 reads:

"If a village has exclusive control and jurisdiction of a street or bridge therein, it may change the grade thereof. If such change of grade shall injuriously affect any building or land adjacent thereto, or the use thereof, the change of grade, to the extent of the damage resulting therefrom, shall be deemed the taking of such adjacent property for a public use."

The force and scope of the statute and the requirements exacted from one who invokes its provisions have been settled. Comesky v. Village of Suffern, 179 N. Y. 393, 72 N. E. 320. The evidence supports the finding that the plaintiff's verified claim was seasonably presented, and that her land was injuriously affected. We will discuss the remaining point raised by the appellant.

The appellant, assailing the order, asserts that section 159 of the Village Law, supra, does not give the right to compensation for a change of grade injuriously affecting a vacant lot. We think there is nothing in the ordinary meaning of the words used, or in the grammatical arrangement, or in the peculiar nature of the subject of the legislation, which excludes unimproved land from the purview of the statute. We cannot approve the determination in Lester v. Village of Blaisdell, 137 N. Y. Supp. 491, 493.

The order should be affirmed, with costs. All concur.

FREAR v. LEWIS et al.

(Supreme Court, Appellate Division, Second Department. January 22, 1915.)

1. PARTNERSHIP (§ 262*)—DISSOLUTION BY MUTUAL CONSENT—ACQUIESCENCE IN ATTEMPTED DISSOLUTION.

Though, where copartnership articles provided that the partnership should continue until mutually dissolved in writing, the partnership was not one for an undefined time, where, after one of the partners gave notice to the other that the partnership was dissolved, the other partner sent out cards and letters stating that the partnership had been dissolved, he thereby consented to a dissolution, and the partnership was then dissolved.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 602, 605, 606; Dec. Dig. § 262.*]

2. PARTNERSHIP (§ 300*)—DISSOLUTION—ACCOUNTING—GOOD WILL.

Where one member of a firm of insurance agents expelled the other from the firm's place of business, locked the door against him, deprived him of the books and of access to customers at the place of business, and